612 A.2d 1010

**COMMONWEALTH of Pennsylvania**

v.

**Michael GAYNOR, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1991.

Filed July 16, 1992.

Reargument Denied Sept. 24, 1992.

418

Thomas R. Quinn, Philadelphia, for appellant.

Alan Sacks, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, McEWEN and OLSZEWSKI, JJ.

CAVANAUGH, Judge:

Appellant, Michael Gaynor engaged in a gunfight with co-defendant Ike Johnson[1] in which one child was killed and two were injured. The victims, along with other children, were in a small variety store when Gaynor and Johnson entered and began to shoot at each other. The children were in an unprotected area of the store between Gaynor at the front door and Johnson, who hid behind a video machine. The fatal bullet was fired by Johnson. One of the two wounds suffered by another child may have been caused by the single shot fired by Gaynor.

Gaynor was convicted of first degree murder, two counts of aggravated and simple assault, seven counts of reckless-ly endangering another person, and possession of an instrument of crime. He was sentenced to a term of life imprisonment and two terms of three to six years for the aggravated assaults, consecutive to the life sentence and concurrent with each other. No penalties were imposed for the other offenses.

---

1. Also known as Donovan Grant. Johnson's appeal at No. 321 Phila.1991 from charges including first degree murder arising out of this incident is affirmed this date by separate memorandum.

■ Gaynor's primary argument on appeal is that the Commonwealth failed to present sufficient evidence to prove first degree murder. He contends that since a shot fired from his gun did not inflict the fatal wound and since he did not act in concert with Johnson, there was no showing of specific intent to kill. Gaynor maintains that since he and Johnson were adversaries, and not accomplices or co-conspirators, no theory of liability exists which would legally justify his conviction of murder in the first degree. After thorough review of the record and careful study of the briefs and applicable law, we find that this argument of Gaynor is meritorious, and we are constrained to order an arrest of judgment on the first degree murder conviction.

■ Where a challenge to the sufficiency of the evidence is posed, the evidence must be viewed in the light most favorable to the Commonwealth, and all proper inferences favorable to the Commonwealth must be drawn. If the jury could have reasonably determined that all elements of the crime have been established beyond a reasonable doubt, sufficient evidence exists to support the conviction. *Commonwealth v. Hardcastle*, 519 Pa. 236, 546 A.2d 1101 (1988).

In this case, the issue is whether sufficient evidence of causation and specific intent to kill was introduced to sustain the murder conviction.

The elements of first degree murder are as follows: A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.
"Intentional killing." Killing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing.

18 Pa.C.S.A. § 2502(a), (d).
A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being.

18 Pa.C.S.A. § 2501(a).
■ In order to be guilty of first degree murder a person must possess a specific intent to kill. This specific

intent is required for both a principal and an accomplice. *Commonwealth v. Bachert,* 499 Pa. 398, 406, 453 A.2d 931, 935 (1982). Cases in which a person is held responsible for the criminal acts of another require the existence of shared criminal intent, regardless of the grading of the homicide. *See, Commonwealth v. Wilson,* 449 Pa. 235, 238, 296 A.2d 719, 721 (1972), "All theories that are recognized under our law to hold one responsible for the criminal acts of another require the existence of a shared criminal intent." *Accord, Commonwealth v. Cox,* 466 Pa. 582, 586, 353 A.2d 844, 846 (1976) (Where the evidence failed to establish that appellant, as one of three attackers, fired the shots causing death, the Commonwealth was required to establish he was an accomplice or co-conspirator to support a conviction.); *Commonwealth v. Bachert, supra,* (Absent direct evidence of which of two defendants in a first degree murder trial shot the victim, defendant's words subsequent to the murder, established his culpability as an accomplice.); *Commonwealth v. Coley,* 350 Pa.Super. 549, 555, 504 A.2d 1286, 1289 (1986) (whether a defendant is the actual shooter is irrelevant where the circumstances of the killing allow the inference of shared criminal intent.)

All cases wherein shared criminal intent has been found have involved a finding that the actual slayer and non-slayer were accomplices or co-conspirators in the criminal offense charged. This court has found no case where a conviction of first degree murder has been upheld where there was no principal/accomplice or co-conspirator relationship between the defendants. Yet, in the instant case the Commonwealth did not proceed on a theory of vicarious liability.[2] At trial and on appeal, it has been the Commonwealth's position that Gaynor is liable as a principal for his own actions in the chain of events which led to the death of the victim. The Commonwealth focuses, nearly exclusively, on the element of causation, i.e., Gaynor's acts as being a

2. *Compare, Commonwealth v. Potts,* 388 Pa.Super. 593, 566 A.2d 287 (1989) (The Commonwealth may pursue theories of liability that link defendant and another to the commission of the crimes absent advance notice of accomplice liability.)

direct cause of death. It points to Gaynor's pursuit of Johnson into the store, assault upon him in resuming a quarrel, and drawing his weapon as direct causes of the shootings. We have no difficulty accepting the proposition that, under the standard enunciated in *Commonwealth v. Rementer*, 410 Pa.Super. 9, 598 A.2d 1300 (1991), appellant's conduct was sufficient to constitute a direct cause of death. Gaynor's exchange of gunfire in a small confined space in which he knew defenseless children were trapped was an operative cause of death, nor were his actions "so extraordinarily remote or attenuated," *Rementer*, 598 A.2d at 1305, that it would be unfair to ascribe criminal responsibility on the basis of causation.

■ The difficulty with the Commonwealth's approach is that it ignores the element of specific intent. Causation of the death of another human being, without proof of specific intent to kill, does not satisfy the elements of first degree murder. Murder of the first degree requires an intentional killing, i.e., a willful, deliberate and premeditated killing. 18 Pa.C.S.A. § 2502(a), (d). The establishment of causation alone does not satisfy all elements of the crime of first degree murder.

The Commonwealth cites 18 Pa.C.S.A. § 303(b) in support of its causation argument:

> **(b) Divergence between result designed or contemplated and actual result.**—When intentionally or knowingly causing a particular result is an element of an offense, the element is not established if the actual result is not within the intent or the contemplation of the actor unless:
>
> (1) the actual result differs from that designed or contemplated as the case may be, only in the respect that a different person or different property is injured or affected or that the injury or harm designed or contemplated would have been more serious or more extensive than that caused; or
>
> (2) the actual result involves the same kind of injury or harm as that designed or contemplated and is not too

remote or accidental in its occurrence to have a bearing on the actor's liability or on the gravity of his offense.

We find that application of this section does not establish whether a killing was willful, deliberate or premeditated. On this element, the Commonwealth's analysis is silent. This brings us back to the necessity to examine case law wherein the sufficiency of the evidence to prove specific intent is addressed. As the above discussion indicates, absent shared intent by accomplices or co-conspirators, there is no first degree murder liability for acts of another which result in death.

Appellant relies heavily on *Commonwealth v. Redline*, 391 Pa. 486, 137 A.2d 472 (1958), for his argument that a killing by one who is an adversary of the defendant may not legally be the basis for a murder conviction against the defendant. The Commonwealth dismisses *Redline* as inapplicable since it involved felony murder, rather than first degree, as this case. In *Redline*, a police officer killed one of two robbers, Redline's co-felon, in response to shots fired by Redline and the decedent. The court ruled that Redline could not be convicted of murder of his co-felon, under a felony murder theory, since no malice could be imputed from one who did not act in furtherance of the felonious undertaking, i.e., the police officer.

■ *Redline* (and the cases discussed therein) is applicable to our disposition of the instant case to the extent that it illustrates the necessity to apply both the causation and intent elements to determine sufficiency of the evidence to support a murder conviction. In *Redline*, causation alone was not sufficient, it was necessary for the intent element, i.e., malice in felony-murder, to be also present. Where an intentional killing is alleged, the intent element requires a finding of willfulness, premeditation and deliberateness.

In summary, the evidence in this case is not sufficient to support a finding that Gaynor intentionally killed the victim. He was in an adversarial role to Johnson, who shot the bullet which killed the victim. Gaynor's intent to kill or

seriously injure Johnson precludes him from acting as an accomplice within the statutory definition, 18 Pa.C.S.A. § 306. Without concerted activity between Gaynor and Johnson, the issue of whose bullet killed the victim becomes relevant to the issue of specific intent. Therefore, sufficient evidence did not exist to convict Gaynor of murder in the first degree, and judgment of sentence on this charge must be vacated.

The Commonwealth argues that if the jury had found Johnson acted in self-defense, neither he nor Gaynor would be guilty of any degree of homicide under Gaynor's arguments. We fail to see the basis for this statement since specific intent is a requisite element of first degree murder only. It appears from the record that the malice and/or recklessness required for third degree murder or manslaughter would be supported. However, it is not a function of the court to speculate as to the sufficiency of other homicide offenses, since Gaynor was only convicted of first degree murder.

■ The convictions of aggravated assault are proper since the evidence did not conclusively rule out Gaynor's gun as the source of the bullet which struck one of the victims. Since his gun fired only one shot, he did not shoot the other injured child. The relevant portions of the definition offense are as follows:

(a) **Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

18 Pa.C.S.A. § 2702.

Appellant relies upon his argument relating to the absence of specific intent to support his claim for arrest of judgment. This is without merit, however, since reckless-

ness is sufficient under § 2702(a)(1) where serious bodily injury is caused. We find that Gaynor did manifest extreme indifference to the value of human life where he exchanged gunfire in an enclosed area with small children present. Judgments of sentence for the two counts of aggravated assault were proper.

Gaynor's last two arguments relate to the jury charge on culpability, causation, and transferred intent. Since we are arresting judgment of sentence on the murder charge, it is not necessary to decide these issues as to that charge. However, we hasten to add that we have reviewed the charge to the jury as a whole, *See, Commonwealth v. Sparks*, 351 Pa.Super. 320, 505 A.2d 1002 (1986), and we find it without legal error. The court correctly instructed the jury on the legal principles of causation and liability for an accomplice. Since the charge as a whole accurately states the law, a new trial on all charges on this basis is not warranted.

Judgment of sentence for murder in the first degree is reversed.

Judgments of sentence on all remaining charges are affirmed.