648 A.2d 295

COMMONWEALTH of Pennsylvania, Appellant,

v.

Michael GAYNOR, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 19, 1993.

Decided Sept. 29, 1994.

Catherine Marshall, Alan Sacks, Robert Eisenberg, Philadelphia, for Com.

Thomas R. Quinn, Philadelphia, for M. Gaynor.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

### OPINION OF THE COURT

PAPADAKOS, Justice.

The unique facts of this case give rise to our consideration of the interplay among causation, specific intent and transferred intent in a case of murder of the first degree. As a case of first impression, we are directed to interpret these aspects of criminal law in order to determine whether Appellant was guilty of that crime even though he did not fire the fatal shot.

Appellant and another defendant, Ike Johnson, argued heatedly on the street in front of a store in which several young people were playing video games. Gaynor and Johnson left, armed themselves, and returned to the inside of the store where they again feuded. This time, however, they drew their weapons and began firing at each other. Johnson was at the back of the store shooting at Gaynor who was in the doorway.

Gaynor fired once before fleeing, pursued by Johnson who fired at him on the street. Neither actor was struck by the bullets but, inside the store, one youngster was dead, and two other children lay wounded. Expert testimony at trial proved that Johnson's gun fired the shots which killed and wounded the children. (T.T., 2/6/90, pp. 11–46, 60–61, 90.)

Appellant was convicted of murder of the first degree,[1] simple and aggravated assault,[2] recklessly endangering another person,[3] and possession of an instrument of crime.[4] He was sentenced to life imprisonment for murder and consecutive jail sentences for the remaining sentences.

At trial, Gaynor argued, first, that he was an adversary, not an accomplice or co-conspirator and could not be guilty of first degree murder on those theories of culpability. He secondly asserts that since he did not fire the fatal shot, he is not legally responsible. The trial court rejected these arguments on several grounds. The court initially concluded that this action was a "duel." On the one hand, culpability would lie on the basis of the transferred intent doctrine. On the other hand, Gaynor's actions (dueling) "were a direct and substantial factor in bringing about the death" (slip op., p. 6). The jury could determine that causation existed as a finding of fact. Engaging in "mutual combat" with intent to kill "provides the malice necessary for murder" (slip op., p. 4).

While affirming the other convictions, the Superior Court reversed the sentence for murder of the first degree. *Commonwealth v. Gaynor*, 417 Pa.Superior Ct. 417, 612 A.2d 1010 (1992). The Superior Court's decision held that while the evidence was sufficient to establish causation, it was insufficient to prove the necessary element of specific intent:

The Commonwealth focuses, nearly exclusively, on the element of causation, i.e., Gaynor's acts as being a direct cause of death. It points to Gaynor's pursuit of Johnson into the

1. 18 Pa.C.S. § 2503.
2. 18 Pa.C.S. § 2701 and § 2702.
3. 18 Pa.C.S. § 2705.
4. 18 Pa.C.S. § 907.

store, assault upon him in resuming a quarrel, and drawing his weapon as direct causes of the shootings. We have no difficulty accepting the proposition that, under the standard enunciated in *Commonwealth v. Rementer*, 410 Pa.Super. 9, 598 A.2d 1300 (1991), appellant's conduct was sufficient to constitute a direct cause of death. Gaynor's exchange of gunfire in a small confined space in which he knew defenseless children were trapped was an operative cause of death, nor were his actions "so extraordinarily remote or attenuated," *Rementer*, 598 A.2d at 1305, that it would be unfair to ascribe criminal responsibility on the basis of causation.

■ The difficulty with the Commonwealth's approach is that it ignores the element of specific intent. Causation of the death of another human being, without proof of specific intent to kill, does not satisfy the elements of first degree murder. Murder of the first degree requires an intentional killing, i.e., a willful, deliberate and premeditated killing. 18 Pa.C.S.A. § 2502(a), (d). The establishment of causation alone does not satisfy all elements of the crime of first degree murder.

417 Pa.Superior Ct. at 421–422, 612 A.2d 1010.

On appeal to this Court, the Commonwealth poses two issues. Is Gaynor guilty of first degree murder when, with specific intent to kill, an innocent bystander was killed by the "defendant's dueling partner?" Second, if an appellate court rules that the evidence is insufficient to support a verdict of murder of the first degree, is it appropriate to remand for resentencing on a lesser charge rather than discharging the defendant?

The Commonwealth argues that the first issue is covered by the Crimes Code, 18 Pa.C.S. § 303(b):

**(b) Divergence between result designed or contemplated and actual result.**—When intentionally or knowingly causing a particular result is an element of an offense, the element is not established if the actual result is not within the intent or the contemplation of the actor unless:

> (1) the actual result differs from that designed or contemplated as the case may be, only in the respect that a different person or different property is injured or affected or that the injury or harm designed or contemplated would have been more serious or more extensive than that caused; or
>
> (2) the actual result involves the same kind of injury or harm as that designed or contemplated and is not too remote or accidental or on the gravity of his offense.

In response, the Superior Court concluded:

> We find that application of this section does not establish whether a killing was willful, deliberate or premeditated. On this element, the Commonwealth's analysis is silent. This brings us back to the necessity to examine case law wherein the sufficiency of the evidence to prove specific intent is addressed. As the above discussion indicates, absent shared intent by accomplices or co-conspirators, there is no first degree murder liability for acts of another which result in death.

417 Pa.Superior Ct. at 423, 612 A.2d 1010.

■ We agree that on these facts the two actors were neither accomplices to each other nor co-conspirators in any acceptable sense.[5] Plainly they were enemies in an adversarial relationship. Shared intent, therefore, was impossible on these facts.

■ We disagree, however, with the Superior Court's holding that § 303(b) is inapplicable here.[6] Murder of the first degree requires an intentional killing—a willful, deliberate, premeditated killing. 18 Pa.C.S. § 2502(a), (d). For purposes of establishing sufficiency of the evidence, it is obvious that

5. The trial court's characterization of the shooting spree as a "duel" is also troubling. At common law, such combat with deadly weapons was usually carried out by pre-arrangement and in conformity with agreed or prescribed rules. See Rollin M. Perkins and Ronald N. Boyce, *Criminal Law* (3rd ed.), p. 243–245.

6. The issue of causation is not before us. The Superior Court, as quoted above, decided that causation was present. For whatever reason, Gaynor did not file a cross-appeal on that holding.

Gaynor intended to kill Ike Johnson. The actual result, of course, was that another person was killed instead of the intended victim. Section 303(b) establishes liability when intent must be proved if the Commonwealth establishes (a) that the only difference between the intended result and the actual result is that a different person was harmed; or (b) that the actual result is of the same type as was intended and is not too remote to justify liability.

Section 303 was taken verbatim from the Model Penal Code, § 2.03. The Commentary to the Model Penal Code, Part I, p. 263 (American Law Institute, 1985) provides the following explanatory example: "if one of the participants in a robbery shoots at a policeman with intent to kill and provokes a return of fire by that officer that kills a bystander ... the robber who initiates the gunfire could be charged with purposeful murder."

This is a case of first impression regarding the statute's meaning. The Commonwealth points out, additionally, that at least two foreign jurisdictions have reached identical conclusions. In *Blansett v. State*, 556 S.W.2d 322 (Texas Crim.App. 1977), the court affirmed the conviction for first degree murder of a defendant who violently sought to free a friend inside a jail, causing one officer to shoot and kill another officer. Chief Justice Roger Traynor held in *People v. Gilbert*, 63 Cal.2d 690, 47 Cal.Rptr. 909, 408 P.2d 365 (1965), *rev'd. on other grounds*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967):

> When the defendant or his accomplice, with a conscious disregard for life, intentionally commits an act that is likely to cause death, and his victim or a police officer kills in reasonable response to such act, the defendant is guilty of murder. In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed with conscious disregard for life. Thus, the victim's self-defensive killing or the police officer's killing in the performance of his duty cannot be considered an independent intervening cause for which the defendant is not liable, for it is a

reasonable response to the dilemma thrust upon the victim or the policeman by the intentional act of the defendant or his accomplice. (See Hart and Honore, Causation in the Law, pp. 296–299; Hall, General Principles of Criminal Law (2d ed.) pp. 270–281.)

408 P.2d at 373–374. Also, see *Dowden v. State*, 758 S.W.2d 264 (Texas Crim.App.1988), affirming *Blansett*, and *Pizano v. Superior Court of Tulare County*, 21 Cal.3d 128, 145 Cal.Rptr. 524, 577 P.2d 659 (1978), affirming *Gilbert.*

We finally take note of the comments of the Joint State Government Commission (1967) on § 303(b) to the proposed revisions of the Crimes Code, finally enacted in 1973:

... Subsection (b) is addressed to the case where the culpability requirement with respect to the result is ... [intent] or knowledge, i.e., where ... [intentionally] or knowingly causing a specified result is a material element of the offense. Here if the actual result is not within the ... [intent] or the contemplation of the actor, the culpability requirement is not established, except in the circumstances set forth in ... [paragraphs (1) and (2) ].

... [Paragraph (1) ] deals with the situation where the actual result differed from the result designed or contemplated only in the respect that a different person or different property was injured or affected or that the injury or harm designed or contemplated was more serious or more extensive than that caused. *Such variations between .... [intent] or contemplation and result are made immaterial, as almost certainly would be the view under existing law.* (Emphasis added.)

We conclude under § 303(b) that the actual result can be attributed to Gaynor's intent to kill Johnson even though the latter's bullets murdered and wounded the victims. Because of the disposition of the appeal on this issue, there is no need to address Appellant's second question for review.

The judgment of sentence is reinstated.

LARSEN, J., did not participate in the decision of this case.

ZAPPALA, J., concurs in the result.

MONTEMURO, J., was an appointed Justice of the Court at the time of argument.*

---

\* Mr. Justice Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of Mr. Justice Larsen, see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.