J-S61038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW GRAHAM CAIRNS | : | |
| | : | |
| Appellant | : | No. 3655 EDA 2017 |

Appeal from the PCRA Order October 25, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0003357-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                 **FILED MARCH 15, 2019**

Andrew Graham Cairns appeals from the order entered in the Court of Common Pleas of Bucks County, denying his first petition for collateral relief brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  Appellant claims ineffective assistance of plea counsel and PCRA court error in the denial of certain evidentiary and discovery requests.  We affirm.

On January 17, 2014, Appellant entered a counseled, negotiated guilty plea to third degree murder, 18 Pa.C.S.A. § 2502(c), eight counts of aggravated assault, 18 Pa.C.S.A. § 2702(a)(6), nine counts of recklessly endangering another person, 18 Pa.C.S.A. § 2705, possession of an instrument of crime, 18 Pa.C.S.A. § 907(a), and discharge of a firearm into an occupied structure, 18 Pa.C.S.A. § 2707.1(a).

For murder of the third degree, the court imposed the recommended sentence the parties had agreed on, specifically, not less than fourteen years nor more than thirty years of incarceration in a state correctional institution, followed by ten years of probation. The court imposed no sentence on the remaining counts. Appellant did not file post-sentence motions or a direct appeal.

Appellant's guilty plea arose out of events on the evening of February 19, 2013. The PCRA court thoroughly describes the facts of that evening. *See* PCRA Court Opinion, 1/11/18, at 1-4. Therefore, we need not repeat them in detail here.

For purposes of review in this appeal, we note briefly that during a domestic quarrel with his fiancée, Deborah Silva, Appellant discharged a .44 Magnum revolver, twice, in their apartment in Warminster, Pennsylvania, threatening to commit suicide.[1] Silva fled the apartment, and called 911.

Police and other emergency response personnel soon arrived. The police took up positions about a hundred yards from Appellant's apartment. Appellant fired another seventeen shots through his bedroom window. The bullets landed throughout the apartment complex and its borders. Appellant

---

[1] Appellant and Silva refer to each other both as spouses and as fiancées.

- 2 -

testified that a bullet fired from the revolver could travel a half a mile or more. *See* N.T. PCRA Hearing, 7/06/17, at 87.[2]

Because the apartments were not numbered sequentially, the responding Warminster police received incorrect information about which apartment Appellant was in.[3] When a nearby apartment door opened and a person emerged, one of the police, Officer Sean Harold, fired. Officer Harold fatally wounded an eighty-nine year old widow, Marie Zienkewicz. Appellant's count of third degree murder arose out of the shooting of Ms. Zienkewicz. The Commonwealth charged Appellant with homicide based on the doctrine of transferred intent.

Pertinent to other issues on appeal, Appellant's counsel engaged a ballistics expert, Emanuel Kapelsohn, to perform forensic testing and to opine about matters relating to the shooting. Kapelsohn did perform some firing tests, made an on-site inspection, and did related activities. However, by the time Appellant and his counsel decided to enter a guilty plea, Kapelsohn had not yet completed his final written report. Defense counsel advised Kapelsohn that in view of the guilty plea, it was no longer necessary to complete the

_____

[2] In fact, one bullet shot out of the apartment complex, across Street Road, a heavily traveled throughway, and into the home of Deanna Gorman. It went through two bedrooms, causing property damage in both rooms. *See* N.T. Preliminary Hearing, 5/16/13, at 104.

[3] In any event, it is not readily apparent how legible the apartment numbers were at night at a distance of a hundred yards.

- 3 -

written report. In addition, at the PCRA hearing, plea counsel noted Kapelsohn's reluctance to render an opinion on whether the Warminster Township police used unreasonable force, which defense counsel regarded as a key issue. *See* PCRA Court Opinion, at 12.

Separately, Zienkewicz's estate brought and settled a civil claim against the Warminster Township police department. There is no dispute that the settlement document expressly denied Township liability for the events of that night. The PCRA court first excluded the settlement agreement but later reversed itself and admitted it, but declined Appellant's suggestion to consider it as exculpatory evidence. In fact, the Commonwealth asked for the agreement to be admitted into evidence to highlight the Township's disclaimer of responsibility. The court also denied Appellant's motion for various other items in discovery. The court denied Appellant's petition on October 26, 2017.

On November 15, 2017, Appellant timely filed a notice of appeal. Counsel filed a twenty-three paragraph statement of errors on December 20, 2017.[4] *See* Concise Statement of Errors Complained of on Appel, 12/20/17;

---

[4] For its review, the PCRA court reduced Appellant's twenty-three assertions into six allegations of error. *See* PCRA Court Opinion, at 5. On appeal, Appellant essentially adopts the PCRA court's condensation, except for the omission of the claim that counsel allowed Appellant to plead while under the influence of medications. We deem that claim, and all claims not included in Appellant's statement of questions involved, abandoned on appeal.

J-S61038-18

*see also* Pa.R.A.P. 1925. On appeal, Appellant presents five questions for our review, which we reproduce verbatim except for the bracketed insertions:

A. Was trial counsel ineffective in inducing Appellant to unknowingly plead guilty as there was not a factual basis?

B. Was trial counsel ineffective in inducing Appellant to plead guilty at a time when he was not afforded the opportunity to review discovery?

C. Was trial counsel ineffective in failing to engage the services of an expert to establish improper police procedures to support Appellant's innocence?

D. Did the [trial] court err in failing to admit a wrongful death settlement between Warminster Township and the family of the deceased?

E. Did the [trial] court err in failing to find exceptional circumstances, pursuant to 42 Pa. C.S. § 9545(d)(2) and Pa. R.Cr.P. 902(E)(1), entitling Appellant to discovery requests?

Appellant's Brief, at 4.[5]

Appellant chiefly claims PCRA relief under 42 Pa.C.S.A. § 9543(a)(ii), (ineffective assistance of counsel), and (iii), (guilty plea unlawfully induced).[6]

---

[5] We note that even though the principal brief exceeds thirty pages, counsel has failed to include a certification that the brief complies with the word count limits required by our rules of appellate procedure. *See* Pa.R.A.P. 2135(a)(1).

[6] Section 9543 provides for relief, in relevant part, on the following conditions:

(2) That the conviction or sentence resulted from one or more of the following:

* * *

- 5 -

J-S61038-18

Our standard and scope of review for the denial of PCRA relief are well-settled:

Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. We will not disturb the PCRA court's findings unless the record fails to support those findings.

A criminal defendant has the right to effective counsel during a plea process as well as during trial. . . .

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the

_____

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

42 Pa.C.S.A. § 9543(a)(2)(ii), (iii).

- 6 -

outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective.

Additionally, [w]ith regard to prejudice . . . we noted that [t]o succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. The reasonable probability test is not a stringent one. . . .

[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Patterson*, 143 A.3d 394, 397–98 (Pa. Super. 2016)

(citations, emphasis, internal quotation marks, and some formatting omitted).

*See also Strickland v. Washington*, 466 U.S. 668 (1984), and

*Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987) (establishing and

refining test for proving ineffectiveness under PCRA).

"The scope of review is limited to the findings of the PCRA court and the

evidence of record, **viewed in the light most favorable to the prevailing**

**party** at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121,

131 (Pa. 2012) (citation omitted) (emphasis added).

"The PCRA court's credibility determinations, when supported by the

record, are binding on this Court. However, this Court applies a *de novo*

standard of review to the PCRA court's legal conclusions." *Commonwealth*

*v. Medina*, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citation omitted).

Here, in his first three claims, we note preliminarily that Appellant

recites the three-prong *Strickland*/*Pierce* test recognized in *Patterson* and

numberless other PCRA cases. *See* Appellant's Brief, at 11-27. However, he fails to fully apply this test to the facts of this case in each argument.

In his first claim, Appellant asserts the guilty plea lacked a factual basis. *See* Appellant's Brief, at 10. Instead of proving that plea counsel was ineffective under the three prongs of the *Strickland/Pierce* test, Appellant baldly asserts that the factual basis for the plea failed to establish malice and causation. *See* Appellant's Brief, at 11-27. We disagree.

To the contrary, the Commonwealth set out a meticulous factual basis for the plea, which the trial court properly accepted. *See* N.T., Guilty Plea and Sentencing, 1/17/14/ at 25-34.

In reviewing the factual basis, we are mindful of the following applicable legal principles:

> Pursuant to the Pennsylvania Crimes Code, "[a] person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa.C.S.A. § 2501(a). "Criminal homicide [is] classified as murder, voluntary manslaughter, or involuntary manslaughter." *Id.* § 2501(b). Murder is defined, in relevant part, as follows.
>
> §2502. Murder
>
> (a) Murder of the first degree.—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.
>
> (b) Murder of the second degree.—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

(c) Murder of the third degree.—All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

*Id.* § 2502. Accordingly, "[t]hird[-]degree murder occurs when a person commits a killing which is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice." *Commonwealth v. Truong*, 36 A.3d 592, 597 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 618 Pa. 688, 57 A.3d 70 (2012).

Malice is defined as: wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured[.] Malice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury. **Malice may be inferred by considering the totality of the circumstances**.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1219 (Pa. Super. 2011); *accord Truong*, *supra* at 597–598.

*Commonwealth v. Thompson*, 106 A.3d 742, 756–57 (Pa. Super. 2014) (emphasis added).

Here, we would conclude that the trial court correctly decided that the Commonwealth properly established a factual basis for third degree murder. Appellant consciously disregarded an unjustified and extremely high risk that his actions in shooting nineteen times might cause serious bodily injury. The PCRA court properly determined this claim lacked arguable merit.

Appellant also argues that the factual basis failed to establish causation. We disagree. The applicable legal principles are well-settled.

(a) **General rule.**—Conduct is the cause of a result when:

> (1) it is an antecedent but for which the result in question would not have occurred; and
>
> (2) the relationship between the conduct and result satisfies any additional causal requirements imposed by this title or by the law defining the offense.
>
> 18 Pa.C.S.A. § 303(a). To establish criminal causation, the Commonwealth must prove that the defendant's conduct was so directly and substantially linked to the actual result as to give rise to the imposition of criminal liability.

*Commonwealth v. Nunn*, 947 A.2d 756, 760 (Pa. Super. 2008) (case citations omitted) (judgment of sentence affirmed where robbery suspect drew weapon on police, foreseeably inviting police to open fire, which killed bystander).

Causation may be established by the doctrine of transferred intent. *See* 18 Pa.C.S.A. § 303. "The transferred intent theory provides that if the intent to commit a crime exists, this intent can be transferred for the purpose of finding the intent element of another crime." *Commonwealth v. Thompson*, 739 A.2d 1023, 1029–30 (Pa. 1999) (citation omitted); *see also Commonwealth v. Gaynor*, 648 A.2d 295, 298-299 (Pa. 1994) (reinstating judgment of sentence where appellant and intended victim were firing weapons at each other with intent to kill, but intended victim killed and wounded children bystanders instead). *Accord*, *Commonwealth v. Rementer*, 598 A.2d 1300, 1307-08 (Pa. Super. 1991) (affirming conviction of third degree murder for appellant who relentlessly beat girlfriend; she was killed by passing car when she tried to escape).

Appellant's claim in this appeal that the factual basis failed to establish causation, and that return fire from the police was not foreseeable, is unsupported by controlling caselaw, or statutory law, and would not merit relief. He therefore failed to establish this claim had arguable merit.

Appellant's second ineffectiveness claim is equally unavailing. Appellant claims he was denied the opportunity to review discovery materials, so that his guilty plea could not be knowing, voluntary and intelligent. *See* Appellant's Brief, 27-32. The PCRA court accepted the testimony of plea counsel that he and his associate "went over basically every single piece of evidence that we had." PCRA Court Opinion, at 11 (quoting N.T. PCRA Hearing, 7/06/17, at 132). This included photographs, the affidavit of probable cause, police reports, motions and memoranda. *See id.* Notably, the PCRA court found Appellant to be "an overall incredible witness." *Id.* at 10. As Appellant's argument would require us to ignore the PCRA court's credibility determinations, it does not merit relief.

In his third ineffectiveness claim, Appellant asserts that plea counsel failed "to fully engage" the ballistics expert, Emanuel Kapelsohn, "as his testimony would have changed the outcome of the case." (Appellant's Brief, at 32; see also id .at 32-37). We disagree.

This claim is waived. As noted by the PCRA court, Appellant failed to present this issue in his amended PCRA petition. *See* PCRA Court opinion, at

- 11 -

12, n.7; *see also* Amended Motion for Post Conviction Collateral Relief, 8/15/16, at 1-12.

Our Supreme Court has explained:

Regardless of the reasons for Appellant's belated raising of this issue, it is indisputably waived. We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that "[p]ermitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA." *Commonwealth v. Bond*, 572 Pa. 588, 819 A.2d 33, 52 (2002).

*Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004).

Moreover, the self-serving claim that a ballistic expert's testimony would have swayed a hypothetical jury on the issue of whether Appellant had the requisite "malicious state of mind," is unsupported by pertinent authority and merely speculative. Appellant's Brief, at 33. Appellant cannot establish arguable merit or prejudice. Appellant's third claim is waived and Appellant fails to develop an argument that it would merit relief.

In his fourth claim, Appellant assigns error to the PCRA court's failure to admit a wrongful death settlement between Warminster Township and the family of Ms. Zienkewicz. *See* Appellant's Brief, at 37-40. We disagree.

First, the record confirms that the PCRA court **did** admit the settlement agreement into evidence. **See** PCRA Court Opinion, at 14; **see also** N.T. PCRA Hearing, at 125. Appellant's claim is frivolous.[7]

Appellant's companion argument, that the settlement agreement is exculpatory as to him, is clearly erroneous. Appellant was not a party to the agreement. The self–serving assessments of the interested parties and their counsel have no force of law, and are not dispositive of any issue as to Appellant. The settlement agreement, as already noted, denies any legal responsibility as to the Township. The PCRA court properly determined that the settlement was not exculpatory as to Appellant. Appellant's fourth claim fails.

In his fifth and final issue, Appellant claims error in the PCRA court's denial of his multiple discovery requests. He contends the court erred in finding he failed to prove exceptional circumstances in seeking this discovery. **See** Appellant's Brief, at 40-44. We disagree.

Appellant's fifteen discovery requests spanned gunshot residue reports, Officer Harold's police file, and Appellant's own psychological reports, in the avowed hope of proving there was a "break in the causal chain." Appellant's Brief, at 43.

---

[7] Accordingly, Appellant's claim that the settlement agreement would be admissible as newly discovered evidence is moot. We need not review it, and we decline to do so.

- 13 -

> "No discovery shall be permitted at any stage of [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). Neither the PCRA nor the Pennsylvania Rules of Criminal Procedure define the term "exceptional circumstances." *Commonwealth v. Frey*, 41 A.3d 605, 611 (Pa. Super. 2012). This Court, however, has held that "the trial court, in its discretion" determines whether a case is exceptional and warrants discovery. *Id.* Thus, "[w]e will not disturb a court's determination regarding the existence of exceptional circumstances unless the court abused its discretion." *Id.*

*Commonwealth v. Watley*, 153 A.3d 1034, 1048 (Pa. Super. 2016), *appeal denied*, 169 A.3d 574 (Pa. 2017) (brackets in original).

Here, the PCRA court decided that Appellant's discovery requests failed to meet his burden of demonstrating exceptional circumstances. In fact, the court concluded, many of Appellant's requests were grounded only in mere speculation that he might discover some exculpatory evidence. Appellant had, or previously had, many of the documents, notably his own medical records. Several of the requests involved documents not in possession of the Commonwealth.

Bald assertions aside, Appellant fails to demonstrate how the documents were exculpatory, or why the discovery requests were exceptional. The PCRA court concluded that many of Appellant's requests were no more than "a fishing expedition." PCRA Court Opinion, at 16. We discern no abuse of discretion by the PCRA court, and we decline to disturb its ruling. Appellant's fifth claim merits no relief.

Order affirmed.

- 14 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/19