479 A.2d 568

**COMMONWEALTH of Pennsylvania**

v.

**Dorothy FINLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 5, 1984.

Filed June 22, 1984.

Petition for Allowance of Appeal Granted Jan. 7, 1985.

314

Catherine M. Harper, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia denying the Petition for Relief under the Post-Conviction Hearing Act (PCHA), 42 Pa.C.S.A. 9541 *et seq.*, of appellant, Dorothy Finley. On October 17, 1975, after a non-jury trial, appellant was convicted of murder in the second degree, robbery, carrying firearms without a license, possessing instruments of crime, prohibited offensive weapon and criminal conspiracy. Since the convictions involved a homicide, direct appeal was taken to the Pennsylvania Supreme Court, where all the judgments of sentence were affirmed by Per Curiam Opinion at *Commonwealth v. Finley*, 477 Pa. 211, 383 A.2d 898 (1978). On appeal to the Supreme Court, appellant raised two issues: (1) whether there was sufficient evidence to support the verdicts and (2) whether the search warrant was based on illegally obtained evidence rendering the evidence obtained pursuant thereto inadmissible. The Supreme Court "found no merit in either

of these arguments". *Commonwealth v. Finley, supra,* 477 Pa. p. 211, 383 A.2d p. 898.

On April 9, 1979, appellant filed a *pro se* PCHA petition which merely repeated the allegations raised in direct appeal to the Pennsylvania Supreme Court. This PCHA petition was denied without a hearing and without appointment of counsel because "[i]n the instant petition the petitioner again raises the precise issues previously raised on appeal .... " Opinion, Blake, J., at 2. Subsequently, an appeal of the decision of the PCHA court was taken to the Pennsylvania Supreme Court which vacated the lower court order and remanded the case to the lower court with instructions that counsel be appointed for appellant if she were found to be indigent. In compliance with that Order, Michael A. Seidman, Esquire, of Philadelphia, was appointed counsel for appellant. Mr. Seidman concluded that no arguably meritorious issues existed for appellant in her PCHA petition, whereupon he was instructed by the lower court to adopt the following procedure:

> Counsel was instructed that where he had completed a comprehensive review of the entire record and the applicable law, and had interviewed defendant and concluded that the record was devoid of arguably meritorious contentions, counsel should write this court in letter form detailing not only the nature and extent of his review, but also listing each issue Defendant wished to have raised, followed by an explanation why those issues were meritless. At that point, this Court would conduct its own independent review and, if our conclusions coincided with counsel's the Petition would be dismissed without a hearing and the Defendant would be apprised of her appellate rights. Opinion Blake, J. at 5.

Counsel adhered to those guidelines and wrote the following letter to the court:

> I have reviewed the Notes of Testimony in the above matter and I have met with the defendant to discuss her Post Conviction Hearing Act Petition. I cannot find any issues to raise on her behalf that are of arguable merit.

In addition, my client, Mrs. Finley, did not find any issues that she wished to raise other than the issues raised in her pro se petition. One of these issues deals with the sufficiency of the evidence. The Commonwealth's evidence consisted primarily of eyewitness testimony. The sufficiency of that testimony was a matter of credibility which was decided against the defendant by the waiver Judge. The other issue involved the search warrant which was finally litigated on direct appeal to our Supreme Court. See [477 Pa. 211], 383 A.2d 898 (1978). Consequently, I respectfully request to be relieved of my appointment in this matter.

Mr. Seidman was thereafter relieved, and the Petition was dismissed. New counsel was appointed to represent appellant in the instant appeal from that order.

In this appeal, appellant claims that she was denied effective assistance of counsel where the PCHA court-appointed counsel, Mr. Seidman, failed to file an amended PCHA petition and brief on behalf of his client and chose instead to outline for the court reasons why a PCHA petition would be meritless. We hold that the procedure followed below resulted in ineffectiveness of counsel. Accordingly, we vacate the order below and remand for present counsel to represent appellant in the filing of an amended PCHA petition.

■ Pennsylvania law concerning procedures to be followed when a court-appointed attorney sees no basis for an appeal is derived from the seminal case of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) rehrg. denied at 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377. The Court in *Anders* applied a three-pronged formula, which, if scrupulously applied, will allow court-appointed counsel to withdraw from a case. If the attorney, after a conscientious evaluation of the record, finds his case to be "wholly frivolous", he may so advise the court and request permission to withdraw. He must, however, accompany his request with a brief referring to anything in the record which will "arguably" support an appeal. A copy of

that brief should then be furnished to the indigent within enough time to allow the latter to pursue an appeal, either counselled or *pro se.* The *court,* after a full examination of the record, then decides whether the case is wholly frivolous; and, if it so finds, it may grant counsel's request to withdraw. The procedure outlined above allows for the situation where counsel believes an appeal would be wholly frivolous but concurrently provides safeguards for the right of an indigent to enjoy the same zealous representation available to defendants able to afford private counsel.

*Anders* was adopted in Pennsylvania in *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968), wherein *Anders* was read as offering two choices to the court-appointed advocate: (1) he may file briefs and argue the case on behalf of his client as an advocate; or (2) he may choose to withdraw his services, in which case he must adhere to the *Anders* procedure.

*Baker* involved an appeal to the Supreme Court after relief was denied by our court. The instant case, however, arises from appellant's initial PCHA petition. The threshold inquiry must be, therefore, whether *Anders* applies; if we answer affirmatively, only then may we evaluate whether its requirements are met.

*Commonwealth v. Lohr,* 503 Pa. 130, 468 A.2d 1375 (1983) arose as a result of appellant's filing a second PCHA petition after the time for appeal from the Superior Court's denial of relief from his first PCHA petition had passed. The Superior Court had affirmed the dismissal, without hearing, of appellant's second PCHA petition, and the appellant proceeded *pro se* to the Supreme Court armed, *inter alia,* with a fresh claim of ineffectiveness, which the Court chose to address. Appellant contended that appointed PCHA counsel was ineffective in failing to amend appellant's first *pro se* post-conviction petition and in failing adequately to pursue, as ordered, an appeal to the Supreme Court. The majority prescribed application of *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981) in a case where counsel believes appeal is frivolous.

*McClendon* was a direct appeal where the court held that the requirements of *Anders* must be met. The Court felt obliged to determine whether the lower court was correct in its assessment of complete frivolity. It was only after it made that determination that the Court inquired as to whether the brief submitted complied with *Anders*. Under the circumstances, it found that compliance was unnecessary.[1] In affirming, the Court says

"[t]he major thrust of *Anders* was to assure a careful assessment of any available claims that an indigent might have. That end is achieved by requiring counsel to conduct an exhaustive examination of the record and by also placing the responsibility on the reviewing court to make an independent determination of the merit of the appeal.... Once we are satisfied with the accuracy of counsel's assessment of the appeal as being wholly frivolous, counsel has fully discharged his responsibility." 495 Pa. 473, 434 A.2d at 1188.

Although the Court in *Lohr* held that counsel's actions were outside the requirements of *McClendon*, in which the court echoes *Anders*, it, nevertheless, affirmed, stating that

"... the goal pursued by *McClendon, review of the merit of the appeal*, is fulfilled by the instant review, negating the possibility of prejudice inuring to appellant from the omissions of counsel. Furthermore, notwithstanding counsel's dereliction, any relief this Court might extend to appellant would be merely duplicitous [sic] of the instant review and, thus, consistent with principles of judicial economy, we decline the opportunity to remand for proceedings consistent with *McClendon*." (Emphasis added) 503 Pa. 138–139, 468 A.2d at 1379.

 *Anders* has been applied in similar circumstances, and, therefore, we hold that its application to the instant case is proper. Counsel's brief does not satisfy the requirements of *Anders* in that it does not set forth any issues of arguable merit, nor is there evidence that it was provided to appellant within enough time for her to proceed *pro se* or to

1. See page 323, *infra.*

obtain new counsel. Notwithstanding these deficiencies, *McClendon* and *Lohr* offer us the opportunity to review the merits of the appeal. We decline, however, to follow the procedures utilized in *McClendon* and *Lohr*. We take a position which distinguishes this case from *Lohr*, based in part on the rationale behind the Supreme Court's remand for appointment of counsel.

The Supreme Court remanded, not because it saw any particular merit to the two contentions at issue, which were identical to those disposed of earlier in appellant's direct appeal. The Court stated, in remanding appellant's first PCHA appeal, "[c]ounsel for a PCHA petitioner can more ably explore legal grounds for complaint, investigate underlying facts, articulate claims for relief and promote efficient administration of justice." *Commonwealth v. Finley*, 497 Pa. 332, 335, 440 A.2d 1183, 1184 (1981). The Supreme Court wished to afford appellant the opportunity to amass other issues with arguable merit. It is obvious that the issues listed by appellant in her *pro se* petition were meritless as they had previously been so described by the Pennsylvania Supreme Court. Moreover, Pa.R.Crim.P. 1504, in affording counsel, means that counsel should act as an advocate in fulfilling his role.

> "... it is not enough simply for the PCHA court to appoint counsel. For this settled rule 'also envisions that counsel so appointed shall have the opportunity and in fact discharge the responsibilities required by representation.'" *Commonwealth v. Lowenberg*, 493 Pa. 232, 425 A.2d 1100 (1981) quoting from *Commonwealth v. Fiero*, 462 Pa. 409, 413, 341 A.2d 448, 450 (1975).

*Fiero* involved an appellant-authored PCHA petition filed after counsel was appointed and prior to which there had been no direct appeal taken. Since counsel had neither amended the petition nor filed a brief, the court held that "[t]hese facts compel the conclusion that the proceeding was in fact uncounselled." *Id.*, 462 Pa. at 413, 341 A.2d at 450. The court required *"meaningful* participation by counsel."

If we were to hold that the requirements of *Anders* were not met but concomitantly review the merits of the appeal and possible affirm as in *McClendon*, we would run into a further obstacle. The affirmance which was the outcome of *McClendon* was based on the "accuracy of counsel's assessment of the appeal", including "an exhaustive examination of the record", *Commonwealth v. McClendon, supra*, 495 Pa. at 473, 434 A.2d at 1188.

Here, there is no mention of an exhaustive search nor the required finding that the case is wholly frivolous.[2] Counsel must certify to an exhaustive reading and endeavor to uncover all possible issues for review so that the frivolity of the appeal may be determined by the lower court, or, as in *Lohr*, at the appellate level.[3]

In the instant case, notwithstanding the fact that the *pro se* petition raised identical issues to those raised on direct appeal, we have a mandate from the Supreme Court with express instructions to appoint counsel and allow appellant to "... upon request, amend her petition." This remand carries with it a strengthening obligation to assess the quality of appellant's case in an arena wherein she is accompanied by a zealous advocate.

In accordance with the spirit of *Lohr* and *McClendon* and the manner in which they were disposed of on appeal, it

2. Progeny of *Anders* have provided us with a continuum of degrees of "meritless". Counsel's request to withdraw may only be granted if the court finds the case to be "wholly frivolous"; it may not be entertained if the appeal merely has "arguable merit" nor if it lacks merit. Mere absence of merit is not enough to support a request to withdraw or the granting of it. *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974); *Commonwealth v. Worthy*, 301 Pa.Super. 46, 446 A.2d 1327 (1982).

3. It should be noted, in view of the fact that the *Lohr* Court chose to review the case on the merits, that *Lohr* involved a second PCHA petition, whereas this case involved the dismissal of the first post-conviction petition. The Court was concerned with considerations of judicial economy. Additionally, the attorney in *Lohr* apparently submitted a short petition to appellant which he rejected in favor of his own. The issues which he presented are evaluated by the Court.

should be noted that *McClendon* reduces the *Anders* requirements to a practical level.

"If ... 'wholly frivolous' means that there are no points present that 'might arguably support an appeal' counsel is saddled with an impossible burden, if he is nevertheless required to file a brief containing arguments that are non-existent. If on the other hand, there are claims of arguable merit, even though counsel may not have any confidence in them, ... the appeal is not 'wholly frivolous' and counsel is not entitled to seek leave to withdraw." *Id.*, 495 Pa. at 472–473, 434 A.2d at 1188.

Here, without anything more than "the bare record available in the Superior Court" (Appellant's Brief at 19), appellant's present counsel has been able to list several issues which may have arguable merit. It is certainly conceivable that those same issues would have captured the attention of prior counsel upon an "exhaustive" reading of the record. (Indeed, it should be noted that Mr. Seidman only admits to having read the Notes of Testimony).[4] Here, the "no-merit letter" is insufficient in light of the fact that there appear to be arguably meritorious issues, and the sufficiency of counsel's perusal of the record is not reflected.

It is also possible that appellant was never informed of her right to proceed *pro se* as she contends she was never given a copy of the letter written by counsel. The court in *Commonwealth v. Baker, supra,* states that the third requirement of *Anders* is the most important. "Anders clearly commands ... that the client be given a copy of counsel's brief *in time to present the appeal in propria persona.*" *Id.*, 429 Pa. at 214, 239 A.2d at 203.

■ Since the procedures utilized herein were defective, they acted to deprive appellant of her right to adequate representation. We remand for an evidentiary hearing on the claims raised in appellant's brief and any other issues

---

4. Moreover, counsel states in his letter that the sufficiency issue was a matter of credibility for the Judge and that the other issue was finally disposed of by the Supreme Court when, in fact, both issues were before that Court.

discerned by counsel after an exhaustive search of the record in accordance with this opinion. Jurisdiction is relinquished.

ROWLEY, J., noted his dissent.