504 A.2d 1286

COMMONWEALTH of Pennsylvania, Appellee,

v.

Charles COLEY, Appellant.

Superior Court of Pennsylvania.

Submitted May 21, 1985.

Filed Feb. 11, 1986.

550

William P. James, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CAVANAUGH, CIRILLO and HESTER, JJ.

CAVANAUGH, Judge:

This is an appeal from the Order of the Court of Common Pleas of Philadelphia County, dismissing appellant's petition for PCHA relief without a hearing. We affirm the lower court's order.

Appellant was convicted of first degree murder, attempted robbery and criminal conspiracy on August 29, 1974. Testimony elicited by the Commonwealth established that a

hotel clerk, William Caldwell, was fatally shot on October 20, 1973, while at work. Although there were no eye-witnesses to the actual shooting, two witnesses testified that two black males entered a lobby, one of them, carrying a gun. He threatened and then kicked one of the witnesses. A gunshot was heard and the victim was seen lying on the floor, mortally wounded by a shot in the face. One witness saw that one of the perpetrators had a chrome gun. Additional testimony connected appellant to the crime by virtue of the chrome revolver which he disposed of, and which was determined to be the murder weapon. Appellant, having waived his *Miranda* rights, gave a signed confession which was introduced at trial. His pre-trial motion to suppress the statement was denied.

Following argument on post-verdict motions, the trial court granted a new trial ruling that appellant's inculpatory statement was elicited in violation of his constitutional rights. The Commonwealth appealed and the Pennsylvania Supreme Court reversed and remanded for imposition of sentence in 1976.[1] Appellant did not appeal from the judgment of sentence. However, on July 2, 1982, appellant filed a *pro se* petition for post conviction relief.

PCHA counsel was appointed to represent appellant on July 7, 1983. Counsel reviewed the case and decided not to file an amended PCHA petition, as he felt that no issues of arguable merit existed. He wrote a detailed letter to Judge Blake setting forth the reasons for his conclusion. Judge Blake, after reviewing the record, agreed with counsel's opinion that appellant's petition was totally lacking in merit, and dismissed the petition, thereby, denying PCHA relief without a hearing.

PCHA counsel filed the present appeal, then was dismissed as appellant's counsel by Judge Blake, pursuant to appellant's request. New counsel was appointed to represent appellant on appeal. Present counsel initially contends that appellant was deprived of effective assistance of counsel when his petition was denied solely on the basis of

1. *Commonwealth v. Coley,* 466 Pa. 53, 351 A.2d 617 (1976).

PCHA counsel's no-merit letter. He relies on *Common-wealth v. Finley*, 330 Pa.Super. 313, 479 A.2d 568 (1984) in claiming that the standards of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) are applicable to his representation by PCHA counsel. *Anders* set forth the standards for withdrawal by court appointed counsel when he feels the client's appeal is frivolous. Although in the present case PCHA counsel did not technically request to withdraw from representation of appellant, the *Anders* standard, as interpreted by our courts, is applicable.[2]

■ *Anders* recognized that even diligent counsel may justifiably believe an appeal to be wholly frivolous. There-fore, appointed counsel wishing to withdraw may request permission to do so if certain requirements are complied with, including the filing of a brief ":... referring to any-thing in the record that might arguably support the ap-peal." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Appellant in this case argues that PCHA counsel was ineffective in failing to recognize that the issues appellant raises are meritorious, and consequently, in failing to brief these issues.

■ We have recently addressed the allegation of ineffec-tive assistance of counsel in terms of failure to comply with the *Anders* requirement in *Commonwealth v. McGeth*, 347 Pa.Super. 333, 500 A.2d 860 (1985). There, we recognized that the ineffectiveness standard requires a showing by the claimant that he has been prejudiced by counsel's actions or inaction. *See, Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, counsel will not be found ineffective for failing to pursue a

2. In *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), in which our supreme court adopted the *Anders* requirement, counsel did not request to withdraw, but filed a brief similar to PCHA counsel's letter in the instant case. The court concluded that, as mandated by *Anders*, counsel representing an indigent client has two choices. He may file a brief and be an advocate, or he may choose to withdraw. Since the brief filed was not one of an advocate, but instead concluded there was no merit to the appeal, counsel would have to comply with the second choice of withdrawal.

meritless claim. *McGeth,* 500 A.2d at 864. Here, as in *McGeth,* the ineffectiveness analysis must be applied in conjunction with the *Anders* requirement that counsel refer to any issues of arguable merit. Therefore, a claimant must demonstrate that his counsel failed to brief an issue which would "arguably support the appeal" to show ineffectiveness. *McGeth,* 347 Pa.Superior Ct. at 341, 500 A.2d at 864. Implicit in appellant's argument is the assertion that PCHA counsel's failure to brief the issues raised herein was prejudicial to him because the PCHA court could not make a full and informed examination of the record and, therefore, was unable to find in appellant's favor.

Present counsel raises three ineffectiveness claims which, purportedly, would support the grant of relief: 1) failure of trial counsel to investigate or present a known defense of alibi; 2) failure of trial counsel to object to the court's allegedly defective first degree murder instruction; and 3) failure of trial counsel to object to the trial court's allegedly defective *corpus delicti* instruction. PCHA counsel addressed the first and third points in his letter to Judge Blake, finding them to be meritless. Following a thorough review of all three claims, we find no merit.

Initially, we agree with PCHA counsel and the Commonwealth that trial counsel was not ineffective for failure to present an alibi defense. Appellant originally claimed that he was at the home of Lorraine Jackson at the time of the crime for which he was convicted. However, this alibi defense was not pursued by trial counsel, presumably because appellant himself abandoned this story in his signed confession. Moreover, appellant admits in his brief that counsel may well have had a strategic basis for not investigating or presenting the alibi defense. It is well recognized that counsel cannot be found ineffective if the course he chose had some reasonable basis designed to effectuate his client's interest. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). Since this claim is meritless, PCHA counsel was not ineffective for failing to raise the issue in an amended PCHA petition.

Secondly, appellant claims that the court's first degree murder instruction was defective. Under the statute applicable at the time of the crime and appellant's trial, first degree murder included both a felony murder and a premeditated one, i.e. in which defendant had a specific intent to kill. Appellant claimed that since there was no evidence that he was the actual shooter, it was improper to instruct that the specific intent of either appellant *or* his accomplice would satisfy this element of the crime. In other words, if the jury found that the accomplice had a specific intent to kill, this intent could not be transferred to the appellant.

As the Commonwealth notes, whether or not appellant was the actual shooter is irrelevant, as appellant's shared criminal intent to kill can be inferred from the circumstances of the killing itself. *Commonwealth v. Bachert*, 499 Pa. 398, 453 A.2d 931 (1982) *cert. denied* 460 U.S. 1043, 103 S.Ct. 1440, 75 L.Ed.2d 797 (1983). The circumstances proved at trial were that appellant provided the gun which was used to kill the victim, appellant was present at the time of the killing, and also took part in attempting to dispose of the weapon. These circumstances clearly show a shared criminal intent. Therefore, the first degree murder instruction was not defective, and both trial and PCHA were not ineffective in failing to pursue this claim.

Similarly, we find no error in the trial court's *corpus delicti* instruction to the jury. Appellant claims that the court should have charged that the jury must be convinced beyond a reasonable doubt of the *corpus delicti* of both murder and robbery, the underlying felony, before considering appellant's inculpatory statement. It is beyond dispute that before the Commonwealth may introduce a confession or admission made by an accused, it must first be established by independent evidence that a crime has in fact been committed. However, it is also clear in the instant case that the *corpus delicti* of murder was established at trial. The *corpus delicti* of murder consists of evidence that a human being is dead and that such death took place under circumstances which indicate criminal

means or the commission of a felonious act. It was obviously proved at trial that the victim was dead and that his death took place by criminal means, i.e. he was shot in the face by two intruders who entered the hotel.

■ Moreover, it was not necessary, contrary to appellant's assertion, that the *corpus delicti* of the underlying felony, robbery, be established before appellant's inculpatory statement was introduced. Appellant's claim is based on an incorrect interpretation of the law. "The *corpus delicti* of felony murder is established in the same way that the *corpus delicti* for any homicide case is established. It is not necessary to prove, independent of the confession, that the death occurred during a felony." *Commonwealth v. Weeden,* 457 Pa. 436, 444, 322 A.2d 343, 348 (1974), *cert. denied,* 420 U.S. 937, 95 S.Ct. 1147, 43 L.Ed.2d 414 (1975). *See also, Commonwealth v. Leamer,* 449 Pa. 76, 295 A.2d 272 (1972).

In light of the above, it is clear that PCHA counsel was not ineffective in failing to raise this claim in a PCHA petition.

After analysis of the above issues, and in light of the standard articulated in *Commonwealth v. McGeth, supra,* PCHA counsel was not ineffective in that he did not fail to brief an issue which would arguably support the appeal. However, it is necessary to address appellant's argument that a brief complying with *Anders* was not prepared by counsel. Appellant relies on a recent decision by a panel of our court, *Commonwealth v. Finley,* 330 Pa.Super. 313, 479 A.2d 568 (1984). We turn to a recent decision dealing with the *Anders* brief by the supreme court of Pennsylvania, *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). There, the court took a practical approach to the *Anders* brief requirement in stating:

Once we are satisfied with the accuracy of counsel's assessment of the appeal as being wholly frivolous, counsel has fully discharged his responsibility. The role of an advocate, insisted upon in *Anders,* refers to the manner in which the record was examined in an effort to uncover

grounds to support the appeal. Where counsel has in good faith satisfied that obligation and found the appeal to be wholly frivolous, he can do no more. We reject the view that his explanation of why there is no basis for an appeal should be interpreted as reflecting counsel's lack of concern in the client's cause. Nor can that fact be assigned as a reason for concluding that the client did not receive this constitutionally protected right of representation. *McClendon*, Id., 495 Pa. at 473–474, 434 A.2d at 1188.

In *McClendon*, the court found that, although the brief filed by counsel requesting permission to withdraw did not appear to meet the standards set by *Anders* and later Pennsylvania decision,[3] the real rationale behind the requirements was met.

The major thrust of *Anders* was to assure a careful assessment of any available claims that an indigent appellant might have. That end is achieved by requiring counsel to conduct an exhaustive examination of the record and by also placing the responsibility on the reviewing court to make an independent determination of the merit of the appeal. These requirements were clearly satisfied here. *McClendon*, Id., 495 Pa. at 474, 434 A.2d at 1188.

■ In the matter before us, as in *McClendon*, we feel that these requirements were met. PCHA counsel states that he made a thorough review of the record, as did the lower court, as noted in its opinion. Along with these two opinions, we have separately determined that appellant's contentions are meritless. Furthermore, we find the decision in *Commonwealth v. Finley, supra*, distinguishable from the present case, as there was no allegation of an exhaustive review of the record in *Finley*, and more importantly, appellate counsel listed several issues of arguable merit, unlike in this case.

**3.** *See, Commonwealth v. Collier*, 489 Pa. 26, 413 A.2d 680 (1980), *Commonwealth v. Perry*, 464 Pa. 272, 346 A.2d 554 (1975).

558

■ Lastly, aside from the *Anders—McClendon* requirements, we find that it was not error for the lower court to dismiss appellant's first PCHA petition without an evidentiary hearing. As stated in *Commonwealth v. Moyer*, 329 Pa.Super. 282, 478 A.2d 469, 471 (1984), if the court is certain of the total lack of merit of an issue raised in a petition for a post-conviction hearing, a hearing need not be held. Here, contrary to appellant's assertion, Judge Blake states that he conducted a careful consideration of the record in coming to his decision of no merit. Therefore, we do not find reversible error, and we affirm the dismissal of appellant's PCHA petition.

Order affirmed.