512 A.2d 19

**COMMONWEALTH of Pennsylvania,**

v.

**Stanley JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1986.

Filed July 2, 1986.

Richard J. Conn, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CAVANAUGH, WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

In a non-jury trial, defendant was convicted of possession of a controlled substance, and sentenced to a term of five years probation on January 31, 1974. No direct appeal was taken. On two subsequent occasions, defendant was found to have violated probation, but each time Judge Savitt ordered that his probation be continued. After a third violation, Judge Savitt revoked defendant's probation after a hearing, and sentenced him to six months to three years imprisonment. This last probation revocation proceeding took place in September, 1978. No direct appeal was taken. In April, 1982, defendant filed a *pro se* Post Conviction

Hearing Act (PCHA) petition in which he alleged that the lower court lacked jurisdiction when it conducted the final probation revocation proceeding. Appointed counsel interviewed the defendant and then sent a letter to the PCHA court wherein counsel stated that he reviewed defendant's petition and the record, and could find nothing to support the jurisdictional claim. The PCHA court dismissed defendant's petition without a hearing, and defendant subsequently took this appeal alleging that his PCHA counsel was ineffective for failing to file an *Anders* brief. He asks that we reverse the PCHA court's order and remand the case for a hearing. For the reasons discussed below, we decline to do so and affirm the order of the PCHA court.

The mere fact that defendant's PCHA counsel sent a letter to the PCHA court instead of filing a brief which complied with the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), does not, by itself, require a reversal of the order and remand of the case. Cases decided by this court since *Commonwealth v. Finley,* 330 Pa.Super. 313, 479 A.2d 568 (1984), a case relied on by defendant, have reviewed identical claims under the general standards for reviewing all ineffectiveness claims, namely that the defendant must show that he has been prejudiced by counsel's actions or omissions. *Commonwealth v. Coley,* 350 Pa.Super. 549, 504 A.2d 1286 (1986); *Commonwealth v. McGeth,* 347 Pa. Super. 333, 500 A.2d 860 (1985). In the context of a failure to file an *Anders* brief, this means that "a claimant must demonstrate that his counsel failed to brief an issue which would 'arguably support the appeal' to show ineffectiveness." *Commonwealth v. Coley, supra* 350 Pa.Super. at 554, 504 A.2d at 1289; *Commonwealth v. McGeth, supra* 347 Pa.Super. at 343, 500 A.2d at 864.

In the instant case, the only issue which defendant claims that counsel should have briefed is that the lower court allegedly did not have jurisdiction at the time of his September 28, 1978 violation of parole hearing. In his letter to the PCHA court, counsel stated that his review of the record

revealed nothing to support this claim. In fact, counsel explained that the record clearly showed that the lower court did have jurisdiction at the time of the hearing. Moreover, in its opinion dismissing the petition, the PCHA court stated that it, too, reviewed the record and found defendant's claim to be meritless.

In this appeal, defendant has failed to allege any facts to support his claim that the issue of the lower court's alleged lack of jurisdiction would arguably support an appeal. This is not surprising, because the facts reveal otherwise. Judge Savitt sentenced the defendant to five years probation on January 31, 1974. The hearing in question was held before Judge Savitt on September 28, 1978, less than five years after defendant's original sentence was imposed. It is clear that the lower court had jurisdiction to conduct the probation revocation proceeding on September 28, 1978.

Thus, pursuant to the reasoning of *Coley* and *McGeth*, since defendant failed to demonstrate that counsel failed to brief an issue which would arguably support the appeal, he has not shown the requisite prejudice for finding counsel ineffective. We, therefore, affirm the order of the PCHA court.

Order affirmed.

WATKINS, J., notes dissent.