J-S72011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RODERICK TODD ALLEN, | |
| Appellant | No. 213 WDA 2014 |

Appeal from the PCRA Order Entered January 14, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007206-1979

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 2, 2014**

Appellant, Roderick Todd Allen, appeals from the trial court's January 14, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 28, 1980, at the conclusion of a jury trial, Appellant was convicted of second-degree murder, robbery, criminal conspiracy, and firearms violations.  On June 30, 1980, he was sentenced to, *inter alia*, a term of life imprisonment.

On September 11, 1980, Appellant filed a *pro se* PCRA petition. Appellant was appointed counsel.  A hearing was held on May 5, 1981. Following the hearing, the court reinstated Appellant's right to file a direct

_____

[*] Retired Senior Judge assigned to the Superior Court.

appeal *nunc pro tunc*, and his right to file post-sentence motions. Subsequently, post-sentence motions were filed; they were denied on January 12, 1983. Appellant filed an appeal *nunc pro tunc*, and this Court affirmed Appellant's judgment of sentence on May 24, 1985. **See Commonwealth v. Allen**, 496 A.2d 848 (Pa. Super. 1985) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 13, 1985.

Appellant filed a *pro se* petition to file a writ of *coram nobis* on January 28, 2003. Counsel was appointed and subsequently filed a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 479 A.2d 568 (Pa. Super. 1984). The court granted counsel's motion to withdraw on September 23, 2003. The petition was dismissed on October 23, 2003. Appellant filed a timely appeal. On June 27, 2005, this Court reversed the trial court's order and remanded the matter for a hearing to determine whether Appellant's claims were time-barred. **See Commonwealth v. Allen**, 881 A.2d 877 (Pa. Super. 2005) (unpublished memorandum). Counsel was appointed, and a hearing was held on November 6, 2006. The trial court again denied Appellant's petition on December 20, 2006.

Appellant filed a timely appeal through counsel on January 11, 2007. This appeal was docketed as 153 WDA 2007. In addition, Appellant filed a *pro se* notice of appeal on January 15, 2007. This appeal was docketed as 178 WDA 2007. On February 13, 2007, this Court dismissed the appeal

docketed at 178 WDA 2007, as it was duplicative of the appeal docketed at 153 WDA 2007.

Before we disposed of the appeal docketed at 153 WDA 2007, Appellant filed a *pro se* PCRA petition on October 27, 2007. The PCRA court denied this petition (for lack of jurisdiction, due to Appellant's appeal pending at 153 WDA 2007) on March 4, 2008. Appellant filed a notice of appeal on March 27, 2008. This appeal was docketed as 1116 WDA 2008; subsequently, this Court granted Appellant's petition to discontinue this appeal on December 8, 2008.

This Court affirmed the PCRA court's order denying Appellant PCRA relief on April 3, 2008. *See Commonwealth v. Allen*, 954 A.2d 31 (Pa. Super. 2008) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 2, 2008. *See Commonwealth v. Allen*, 599 A.2d 705 (Pa. 2008).

Appellant filed the instant PCRA petition on August 13, 2012. An amended counseled PCRA petition was filed on November 16, 2012. The court issued a Pa. R. Crim. P. 907 notice of its intent to dismiss on November 8, 2013. The PCRA court dismissed Appellant's petition on January 14, 2014. Appellant filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant now presents the following question for our review:

> I. Whether the PCRA [c]ourt abused its discretion by denying [Appellant] post-conviction relief, rather than vacating [Appellant's] sentence and scheduling a re-sentencing hearing at which he would be sentenced in accordance with newly recognized [c]onstitutional rights as established by the United States Supreme Court in ***Miller v. Alabama***[?]

Appellant's brief at 4.

Before we may address Appellant's claim, we must assess the timeliness of his petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b) applies. That section states, in relevant part:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 13, 1985. Thus, Appellant's judgment of sentence became final 60 days thereafter, or on March 13, 1986. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S. Supreme Ct. Rule 20.1 (providing 60 days for the filing of a writ of *certiorari*). Consequently, Appellant had until March 13, 1987, to file a timely PCRA petition. He did not file the instant petition until August 13, 2012. Appellant was required to plead and prove in his PCRA petition that one of the above-stated exceptions applied to his claim(s).

In his PCRA petition, Appellant relied on the holding of the United States Supreme Court in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), in support of his claim that the instant petition was not time-barred under the exception set forth in section 9545(b)(1)(iii). The *Miller* Court held that a

- 5 -

mandatory sentence of life imprisonment without the possibility of parole for a juvenile constitutes a violation of the Eighth Amendment. However, the Court's holding in *Miller* did not reach the question of whether its ruling applied retroactively.

Subsequently, the Pennsylvania Supreme Court addressed the issue of the retroactive application of *Miller* in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). The *Cunningham* Court noted:

> *Teague v. Lane*, 489 U.S. 288, [] (1989) (plurality), delineated a general rule of non-retroactivity for new procedural, constitutional rules announced by the Court … subject to two narrow exceptions…. As relevant here, the exceptions extend to "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense," and "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."

*Cunningham*, 81 A.3d at 4. The Court then held that *Miller* did not "categorically bar a penalty for a class of offenders," and, therefore, *Miller* was not retroactive pursuant to the first *Teague* exception. *Id.* at 10. The Court specifically declined to determine whether *Miller* was retroactive pursuant to the second *Teague* exception (*i.e.*, that *Miller* constituted a "watershed ruling of criminal procedure"), as the Appellant Miller had not raised that claim. *Id.*

Neither the United States Supreme Court, nor the Supreme Court of Pennsylvania, has held that the right recognized by the Supreme Court in *Miller* applies retroactively. We are thus constrained to conclude that Appellant has failed to plead and prove the exception to the PCRA time bar

set forth in section 9545(b)(1)(iii). Therefore, the PCRA court did not err in dismissing Appellant's time-barred PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014