J-S64001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROGER LEON BARLOW | |
| Appellant | No. 328 EDA 2016 |

Appeal from the PCRA Order Entered December 17, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0001166-2009

BEFORE:  STABILE, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 15, 2016**

Appellant, Roger Leon Barlow, appeals *pro se* from the December 17, 2015 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On September 17, 2010, Appellant pled guilty to eight counts of arson and one count of criminal mischief.[1]  On that same date, the trial court imposed an aggregate 12½ to 25 years or incarceration followed by ten years of probation.  Appellant did not file a direct appeal.

Appellant filed the instant PCRA petition on July 21, 2015, well over three years after his judgment of sentence became final.  The PCRA court

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 3301 and 3304, respectively.

appointed counsel on September 14, 2015. On October 22, 2015, counsel filed a no merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 479 A.2d 568 (Pa. Super. 1984) (*en banc*). On November 12, 2015, the PCRA court filed notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 920. Appellant responded on December 1, 2015. On December 17, 2015, the PCRA court entered an order dismissing Appellant's petition and permitting counsel to withdraw. This timely appeal followed.

The PCRA requires any petition thereunder to be filed within one year of the date on which his judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). If, as is presently the case, the petition is facially untimely, the petitioner must plead and prove the applicability of one of the three statutory exceptions to the one-year time bar. **Id.** Failure to do so deprives the PCRA court of jurisdiction. This is true even if the petition challenges the legality of the petitioner's sentence. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).

One exception to the PCRA's one-year time bar is the recognition, by the United States Supreme Court, of a new constitutional right that is held by that Court to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(iii). To this end, Appellant argues his sentence is illegal pursuant to **Alleyne v. United**

*States*, 133 S. Ct. 2151 (2013) and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015).

In *Alleyne*, the United States Supreme Court held that any fact, other than a prior conviction, triggering a mandatory minimum sentence must be found beyond a reasonable doubt by a jury. *Alleyne*, 133 S. Ct. at 2163-64. In *Hopkins*, the Pennsylvania Supreme Court relied on *Alleyne* to strike down the Drug Free School Zones Act, 18 Pa.C.S.A. § 6317. Section 6317 imposed mandatory minimum sentences for certain controlled substance offenses that occurred within a specified distance of a school or playground. 18 Pa.C.S.A. § 6317.

As noted above, Appellant did not file a direct appeal and his judgment of sentence became final in October of 2010. The Pennsylvania Supreme Court has held that *Alleyne* does not apply retroactively to cases pending on collateral review. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). We have held that *Alleyne* applies only to cases pending on direct appeal as of June 17, 2013, the date the United States Supreme Court handed down the opinion in *Alleyne*. *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014). *Alleyne* therefore does not apply to Appellant's case, and he cannot rely on it to meet the requirements of § 9545(b)(1)(iii).

Appellant argues that his petition is timely under *Hopkins* because he filed it within 60 days of that decision, in accordance with § 9545(b)(2) of

the PCRA. **Hopkins** does not apply because Appellant was not sentenced under § 6317. Indeed, the record of the sentencing proceeding does not confirm that Appellant received **any** mandatory minimum sentence. Appellant therefore did not salvage the timeliness of his petition by filing it within 60 days of the **Hopkins** decision.

In summary, Appellant's PCRA petition is facially untimely and he has failed to plead and prove the applicability of any timeliness exception. We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016