J-S39044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                            :  PENNSYLVANIA
                                            :
            v.                          :
                                            :
                                            :
CLINTON DANIELS                    :
                                            :
                Appellant        :  No. 2488 EDA 2019

Appeal from the PCRA Order Entered July 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003662-2014

BEFORE:  LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:       **FILED SEPTEMBER 15, 2020**

Clinton Daniels (Daniels) appeals the order of the Court of Common Pleas of Philadelphia County (PCRA court) summarily denying his counseled amended petition for post-conviction relief.[1]  He argues that his PCRA counsel was ineffective, that he was given insufficient notice of the amended petition's denial, and that the PCRA court erred in denying him leave to file a second amended petition.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Daniels filed his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

**I.**

In 2014, Daniels was charged with armed robbery and several related offenses.[2]  Following a bench trial in 2015, Daniels was found guilty on three counts[3] and sentenced to an aggregate prison term of 15 to 40 years.  This Court affirmed the judgment of sentence.  *See Commonwealth v. Daniels*, 3835 EDA 2015 (Pa. Super. December 13, 2017) (unpublished memorandum); *see also Commonwealth v. Daniels*, 186 A.3d 945 (Pa. 2018) (denying allocator).

In his timely filed *pro se* PCRA petition, Daniels asserted four grounds, claiming that he received an illegal sentence and ineffective assistance of trial counsel.  PCRA counsel was appointed and an amended petition was filed on Daniels' behalf, adding a fifth claim of ineffective appellate counsel.

PCRA counsel submitted a *Turner/Finley* "no merit" letter[4] and pursuant to Pa.R.Crim.P. 907, the PCRA court entered a notice of intent to dismiss the amended petition without a hearing.  Daniels responded to the

---

[2] We glean the factual and procedural history of this case from the certified record.

[3] The trial court entered a verdict finding Daniels guilty of robbery with a threat of serious injury (18 Pa.C.S. § 3701(A)); conspiracy to commit a robbery with a threat of serious injury (18 Pa.C.S. § 901); and possession of an instrument of crime (18 Pa.C.S. § 907(A)).

[4] *See Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 479 A.2d 568 (Pa. Super. 1984).

notice of dismissal by requesting leave to file a second amended petition. He argued that PCRA counsel was ineffective because he failed to raise trial counsel's ineffectiveness based on his failure to advise him pre-trial as to the maximum possible sentence he faced, not challenging sentencing enhancements, and not seeking to have the trial judge disqualified for bias. *See* Response to Rule 907 Notice, 6/17/2019, at Paragraphs 11-15.

The PCRA court rejected the grounds included within Daniels' response and summarily dismissed his amended PCRA petition. PCRA counsel was permitted to withdraw. Daniels timely filed a notice of appeal and presented the following three issues in his brief:

> 1. Whether [Daniels] was denied his right to the effective assistance of counsel during initial PCRA proceedings[.]
>
> 2. Whether the PCRA [c]ourt erred in denying [Daniels] leave to file [a second amended] PCRA petition[.]
>
> 3. Whether the PCRA court erred by failing to comply with the requirements of [Pa.R.Crim.P. 907].

Appellant's Brief, at 2 (suggested answers omitted).

## II.

## A.

Daniels argues in his brief that PCRA counsel was ineffective because he did not raise claims as to trial counsel's purported admission of his guilt and failure to develop his alibi defense with phone record evidence. *See* Appellant's Brief, at 9-15. Moreover, Daniels claims that PCRA counsel performed deficiently by referring him to another attorney and failing to

- 3 -

evaluate the entire record. *See id*. at 14-16. All of these claims of ineffective PCRA counsel are raised for the first time on appeal.

The law is well-established that we have no jurisdiction to consider the merits of PCRA claims in the first instance. *See generally Commonwealth v. Ford*, 44 A.3d 1190, 1195-1201 (Pa. Super. 2012). "[I]ssues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court." *Id*. at 1200. Accordingly, because Daniels asserts claims of ineffective PCRA counsel were never put before the PCRA court, they may not be considered in this appeal. *See id*.; *see also Commonwealth v. Smith*, 121 A.3d 1049, 1054-55 (Pa. Super. 2015); *Commonwealth v. Henkel*, 90 A.3d 16, 20-21 (Pa. Super. 2014).[5]

**B.**

Daniels' next claim is that the PCRA court erred in denying him leave to file a second amended petition. A PCRA petition may be amended at the discretion of the PCRA court. *See* Pa.R.Crim.P. 905(A). Amendments should be permitted liberally with the aim of achieving substantial justice. *See id*.; *see also Commonwealth v. Crispell*, 193 A.3d 919, 930 (Pa. 2018).

In this case, Daniels' amended PCRA petition included five claims that he has since conceded to be meritless. Additionally, he had responded to the

---

[5] Even if Daniels' appellate claims had been preserved for review, the outcome would be the same because they are either insufficiently developed or plainly refuted by the record.

PCRA court's notice of intent to dismiss those claims by requesting to add new claims of ineffective PCRA counsel, namely, the failure to raise trial counsel's ineffectiveness during sentencing and not seeking to disqualify the trial judge.

As discussed above, Daniels has abandoned all of those issues, instead now raising all new claims of ineffectiveness as grounds for post-conviction relief. Since Daniels never put those claims before the PCRA court as a basis to permit the filing of a second amended complaint, the PCRA court could not have erred in denying further amendment.

In order for Daniels to have been entitled to amend his petition as a matter of law, the onus was on Daniels to establish that right before the PCRA court in the first instance. **See Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015). Daniels did not include in his response or his amended petition the specific issues that he raises on appeal, so those claims are waived. **See id**.; **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

**C.**

The final ground in Daniels' appellate brief is that the PCRA court issued a deficient notice of intent to summarily dismiss his amended PCRA petition pursuant to Pa.R.Crim.P. 907. He argues that the notice did not give sufficiently specific reasons as to why none of the issues in the amended petition had merit, depriving him of the chance to cure such defects. **See** Appellant's Brief at 18-19. However, even if Daniels is correct that the PCRA

court's notice did not state the reasons for dismissal with much specificity, he has conceded that none of the issues presented in his amended petition were meritorious. ***See id***. at 9.

The purpose of Pa.R.Crim.P. 907 is "to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012). By admitting that the claims in his amended PCRA petition had no merit, Daniels establishes that any further explanation by the PCRA court would have been superfluous, and any further amendment of the claims would have been futile.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2020