J-S31023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS M. BUSH | : | |
| | : | |
| Appellant | : | No. 1019 EDA 2023 |

Appeal from the PCRA Order Entered March 21, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No.:  CP-09-CR-0000171-2013

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 02, 2023**

Appellant Thomas M. Bush *pro se* appeals from the March 21, 2023 order of the Court of Common Pleas of Buck County ("PCRA court"), which dismissed as untimely his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As recounted by the PCRA court:

> On August 20, 2012, at approximately 10:45 p.m., Officer Katherine Deppenschmidt of the Bensalem Township Police Department received a call from a trailer unit within the Top of the Ridge complex in Bensalem Township.  The call reported a burglary to the residence of Linda Phillips, Unit D1.  When Officer Deppenschmidt arrived at the scene of the burglary, she noticed damage to the front doorframe of the residence.  She also observed markings on the door and debris on the ground in the vicinity of the front door, consistent with someone having pried it open.

Upon entering the residence, Officer Deppenschmidt observed a pair of red-handled clippers that were lying on the porch close to the front door. Officer Deppenschmidt swabbed the clippers for DNA evidence, as well as the door handle to the front door. While at the residence, Linda Phillips informed Officer Deppenschmidt that there was a Maverick cigarette butt in her bathroom sink which did not belong to anyone in her household. The Maverick cigarette butt was secured and submitted for DNA testing.

Detective John Monaghan of the Bensalem Township Police Department arrived at the scene soon after Officer Deppenschmidt. When Detective Monaghan first arrived, he spoke with Officer Deppenschmidt and noticed that the front door of the residence had been damaged and appeared to be forced open. Upon entering the residence, Detective Monaghan noticed that many of the drawers of the bedroom were open. Linda Phillips, the owner of the residence, stated to police that when she arrived home on the night of August 20th, 2012, her front door was ajar and the back door was wide open. It appeared that her belongings had been ransacked, and that her jewelry box and a 32-inch flat screen television were missing. Linda Phillip's niece, Tawny Phillips, who had been living at the residence, stated to police that her jewelry box, Nook, two laptops, and Desktop were also missing from the residence.

Officer Deppenschmidt and the other police officers on the scene talked to a juvenile witness, who advised police that he was walking around the area of the residence several hours prior and observed the Appellant at the front door with a crow bar. Based on that information, Detective Monaghan went to the residence where Appellant was staying in the same Complex. While en route to find Appellant, Detective Monaghan found a pack of Maverick cigarettes on the floor of a parked car, situated in front of the residence that Appellant was reported to have been staying.

Detective Monaghan and Detective Jackson, another Detective from Bensalem Township Police Department, met with the Appellant at a residence in the Top of the Ridge Complex. The residence was a little over one hundred yards away from the site of the burglary. Appellant voluntarily gave Detective Jackson and Detective Monaghan a swab of his DNA. The DNA tests of the wire clippers and the cigarette butt revealed a consistent match with Appellant.

During the ongoing investigation of the burglary, Detective Jackson was contacted by Kimberly Shupe, an acquaintance of Appellant's girlfriend, Kimberlee Martin. Ms. Shupe advised Detective Jackson that she was in possession of a computer that she received from Kimberlee Martin. Kimberlee Martin had asked Ms. Shupe to wipe the computer clean. Detective Jackson went to Ms. Shupe's residence, took possession of the computer, and brought it to the police station. Tawny Phillips came to the police station and identified the computer as the one that had been stolen.

On August 7, 2013, [following a jury trial before the trial court], Appellant was found guilty on count one (1) - burglary, count three (3) - criminal trespass, count five (5) - theft by unlawful taking, count seven (7) - receiving stolen property, and count eight (8) - conspiracy to commit receiving stolen property. Appellant was found not guilty of criminal mischief, conspiracy to criminal mischief, conspiracy to burglary, conspiracy to criminal trespass, and conspiracy to theft by unlawful taking.

On December 17, 2013, th[e trial c]ourt sentenced Appellant to ten (10) to twenty (20) years' imprisonment for burglary; five (5) to ten (10) years' imprisonment for criminal trespass; one and a half (1½) to five (5) years' imprisonment for theft by unlawful taking; and three and a half (3½) to seven (7) years' imprisonment for conspiracy to receive stolen property. These sentences were ordered to run consecutively to one another and, in the aggregate, Appellant's term of incarceration totaled twenty (20) to forty-two (42) years. On December 24, 2013, Appellant filed a direct appeal to the Superior Court of Pennsylvania, which affirmed th[e trial court]'s judgment of sentence on April 1, 2015.

On May 6, 2015, Appellant filed his first PCRA petition. Following a hearing, the Commonwealth and Appellant agreed to relief in the form of resentencing as the parties agreed that the theft count merged with the burglary count and that as the jury made no finding as to the value of the items sold, that the receiving stolen property count should be graded as a misdemeanor of the third degree. Therefore, on January 18, 2017, Appellant was resentenced to ten (10) to twenty (20) years' imprisonment for burglary; five (5) to ten (10) years' imprisonment for criminal trespass; and twelve (12) months' probation for receiving stolen property. The sentences of imprisonment were ordered to run consecutively to one another but concurrently with the sentence

of probation. Therefore, in the aggregate, th[e trial c]ourt resentenced Appellant to fifteen (15) to thirty (30) years' imprisonment.

On January 24, 2017, Appellant filed a motion for reconsideration of sentence, which th[e] court denied, on January 27, 2017. Appellant filed a direct appeal to the Superior Court of Pennsylvania challenging the discretionary aspects of the sentence imposed and the Superior Court denied those claims on February 9, 2018. Appellant's request for allowance of appeal to the Supreme Court of Pennsylvania was denied on January 2, 2019.

On March 11, 2019, Appellant filed his second PCRA Petition challenging the legality of his sentence and alleging ineffective assistance of counsel for failing to raise same. Specifically, Appellant alleged the counts of burglary and criminal trespass merged for sentencing purposes. Th[e] [c]ourt appointed counsel and on May 22, 2019, counsel filed as "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 479 A.2d 568 (Pa. Super. 1984) and a request to withdraw his representation. On June 21, 2019, th[e] [c]ourt formally dismissed Appellant's second PCRA petition. On July 11, 2019, Appellant filed notice of appeal to the Superior Court. However, that appeal was dismissed by the Superior Court on September 16, 2019 for Appellant's failure to comply with Pa.R.A.P. § 3517.

On January 31, 2023, over three years after his prior appeal was dismissed, Appellant filed a "Motion to Correct Illegal Sentence" [("Motion")] with th[e] [c]ourt. This motion alleged the same errors outlined in Appellant's second PCRA petition: th[e] [c]ourt erred in imposing sentence because the burglary and criminal trespass counts merge and counsel is ineffective for failing to raise same. The court construed this Motion as a third PCRA petition and formally dismissed it on March 21, 2023. On April 17, 2023, Appellant [*pro se*] filed notice of appeal to the Superior Court.

PCRA Court Opinion, 5/17/23, at 1-4 (unnecessary capitalizations and internal record citations omitted). Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal,[1] Appellant presents a single issue for our review.

[I.] Did the resentencing court abuse its discretion, erred when it imposed on Appellant an unlawful, impermissible and illegal sentence of consecutive cumulative separate sentences for burglary and criminal trespass to each other that should have merged for sentencing purposes, in violation of 42 Pa. C.S.A. §9765; double jeopardy, due process and equal protection under both the Pa. and U.S. Constitutions.

Appellant's Brief at 3 (unnecessary capitalizations omitted) (sic).

Preliminarily, we agree with the PCRA court's determination that the Motion should have been treated as one falling under the PCRA. Indeed, the plain language of the PCRA provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. § 9542. Cognizant of the stated purpose of the PCRA, we have held that any petition filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition where the PCRA provides for a potential remedy. **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("all motions filed after a judgment of sentence is final are to be construed as PCRA petitions") (citation omitted). Accordingly, the PCRA court did not err in treating the Motion as a PCRA petition.

_____

[1] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

Having established that the Motion properly was treated as a PCRA petition, we now must determine whether the PCRA court had jurisdiction to entertain it. A court cannot consider a PCRA petition unless the petitioner has first satisfied the applicable filing deadline. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.[2]

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court

---

[2] Section 9545(b)(2) was amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies only to claims arising on or after December 24, 2017

of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, as stated above, Appellant's judgment of sentence became final on April 2, 2019—90 days following our Supreme Court's denial of his petition for allowance of appeal. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a); U.S. Sup. Ct. R. 13. Thus, because Appellant had one year from April 2, 2019, to file a timely PCRA petition, the Motion is facially untimely given it was filed on January 31, 2023, nearly three years later.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. ***See Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008). Here, Appellant has failed to allege, let alone prove, at any stage of the proceeding any exceptions to the one-year time bar. The Motion, treated properly as a PCRA petition, was untimely. Accordingly, the PCRA court did not err in denying the Motion.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/2/2023