NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3165
_____

ROBERT LINCOLN,

Appellant

v.

JOHN A. PALAKOVICH, et. al.;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

(D.C. No. 2-07-cv-01373)
District Judge: The Honorable Norma L. Shapiro
_____

ARGUED APRIL 13, 2010

Before: SLOVITER, NYGAARD, <u>Circuit Judges</u>, and RESTANI,[*] <u>Judge</u>

(Filed June 21, 2010)
_____

J. Nicholas Ranjan, Esq. (Argued)
K&L Gates
210 Sixth Avenue
Pittsburgh, PA 15222
          <u>Counsel for Appellant</u>

_____

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

John W. Goldsborough, Esq. (Argued)
Three South Penn Square
Philadelphia, PA 19107

      <u>Counsel for Appellees</u>

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Since this opinion is wholly without precedential value, we write solely for the benefit of the parties, who are familiar with the factual and procedural history of this matter. We will vacate the order and remand the cause to the District Court.[1]

I.

Police arrested Robert Lincoln in 2003 for the robbery and brutal beating of a woman in her home. On October 27, 2003, pursuant to a plea agreement, Lincoln pleaded guilty to charges of attempted murder, robbery, and aggravated assault. He received a sentence of sixteen to forty years of imprisonment and twenty years of probation.

Lincoln's counsel timely filed a notice of appeal to the Pennsylvania Superior Court on November 26, 2003. On January 5, 2004, the Superior Court issued an order

---

[1] We have jurisdiction to hear this appeal under 28 U.S.C. § 2253. *Harshbarger v. Regan*, 599 F.3d 290, 291 n.1 (3d Cir. 2010).

noting Lincoln's failure to file a docketing statement and requiring him to do so within ten days.[2] On that same day, however, the Superior Court discontinued the matter, presumably upon the request of Lincoln's counsel.[3]

In February 2004, Lincoln filed a pro se petition for relief under the Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-9546, claiming ineffectiveness of trial counsel.[4] Court-appointed counsel subsequently filed a letter seeking to withdraw representation, after reviewing the entire record and concluding that there were not any substantive or procedural issues of arguable merit.[5]

Pursuant to the Pennsylvania Rules of Criminal Procedure, the Court of Common Pleas of Philadelphia County issued a notice of intent to dismiss Lincoln's

---

[2] "Whenever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal. Failure to file a docketing statement may result in dismissal of the appeal." Pa. R.A.P. 3517.

[3] While the discontinuance is recorded on the Superior Court's docket, there is no reference to the receipt of a praecipe to discontinue. The record contains a copy of a praecipe that was signed by Lincoln's counsel and posted for service by mail to the District Attorney on January 2, 2004. We presume, therefore, that the Superior Court discontinued the matter upon the request of Lincoln's counsel. Moreover, the record copy of the order discontinuing the matter leads us to conclude that it was signed by the Prothonotary on January 6, 2004, even though it was docketed on January 5, 2004.

[4] The Post Conviction Relief Act is also commonly referenced as "PCRA."

[5] The letter was filed in accord with *Commonwealth v. Finley*, 479 A.2d 568 (Pa. Super. Ct. 1984).

3

petition without a hearing. Pa. R.Crim. P. 907(1). Lincoln responded to the notice with a letter in which he requested an evidentiary hearing and raised, for the first time, an ineffectiveness claim against his direct-appeal counsel. The Court of Common Pleas dismissed the petition and, in a later opinion written for the purposes of appellate review, it did not address Lincoln's claim of appellate counsel ineffectiveness.

Lincoln appealed pro se to the Superior Court. The Superior Court dismissed Lincoln's claim of ineffectiveness of appellate counsel, concluding that the issue was waived because it was not raised in Lincoln's petition for post-conviction relief. The Superior Court affirmed the order, finding the claim of ineffectiveness of trial counsel meritless. The Pennsylvania Supreme Court denied allocatur.

In the District Court, Lincoln's pro se petition for writ of habeas corpus again raised the claims of ineffectiveness of trial counsel and appellate counsel. Overruling Lincoln's objections to the Magistrate Judge's Report and Recommendation, the District Court held that Lincoln's claim of ineffectiveness of trial counsel was meritless. The District Court also concluded that Lincoln's claim of ineffectiveness of appellate counsel was procedurally defaulted, based upon the Pennsylvania Superior Court's dismissal of the claim as waived. We certified for appeal only Lincoln's claim of ineffectiveness of appellate counsel.[6]

_____

[6.]Our order stated the following: "The foregoing application for a certificate of appealability is granted in part and denied in part. A certificate of

(continued...)

4

II.

The principles of finality and comity mandate that a federal habeas court may not review a state court decision that rests "on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In particular, "a state procedural default of any federal claim will bar federal habeas unless the petitioner demonstrates cause and actual prejudice." *Id.* at 748.

Nonetheless, the Supreme Court also said: "The terms 'cause' and 'actual prejudice' are not rigid concepts; they take their meaning from the principles of comity and finality discussed above. In appropriate cases those principles must yield to the imperative of correcting a fundamentally unjust incarceration." *Engle v. Issac*, 456 U.S. 107, 135 (1982). The Court expressed confidence that "victims of a fundamental miscarriage of injustice will meet the cause-and-prejudice standard . . . ." *Id.*

---

[6.](...continued)
appealability is granted on claim 1 (as numbered in Appellant's petition for a writ of habeas corpus) concerning whether Appellant was denied effective assistance of counsel when Appellant's direct appeal was withdrawn. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In their briefing, the parties shall address whether this claim was defaulted by virtue of the fact that Appellant raised this claim in state court only in his response to the PCRA court's notice of intent to dismiss. We decline to issue a certificate of appealability on claim 2 because jurists of reason would not debate the District Court's denial of this claim. *Slack*, 529 U.S. at 484."

Since first raising the issue, Lincoln has consistently asserted that it was his intent to exercise his right to a direct appeal and that this right was squandered through his appellate counsel's deficient performance.[7] In *Roe v. Flores-Ortega,* the Supreme Court said the following:

> In *Cronic, Penson,* and *Robbins*, we held that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable." *Cronic*, *supra,* at 659. The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, we cannot accord any " 'presumption of reliability,' " *Robbins*, at 286, to judicial proceedings that never took place.

*Roe v. Flores-Ortega,* 528 U.S. 470, 483 (2000) (citing *United States. v. Cronic*, 466 U.S. 648 (1984); *Penson v. Ohio*, 488 U.S. 75 (1988); *Smith v. Robbins*, 528 U.S. 259 (2000) (citations to Supreme Court Reporter omitted)). Applying *Flores-Ortega*, Lincoln's claim of an unfair denial of his right to a direct appeal, if sufficiently supported by evidence, would constitute a manifest injustice sufficient to grant his petition for writ of habeas corpus, regardless of any procedural defect.

---

[7.] We are mindful of the District Attorney's assertion that Lincoln's present argument in defense of his right to a direct appeal is waived because it is substantially different from arguments he previously made. Nonetheless, it has been our long-standing practice to liberally construe the filings of pro se parties. *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). For this reason, we do not regard Lincoln's claim as waived.

6

With that said, we find the record bereft of evidence to ground any ruling on the issue of whether such a manifest injustice has actually occurred. The record indicates only that Lincoln's counsel timely filed an appeal in November 2003, and that, presumably at the request of Lincoln's counsel, the Superior Court discontinued the appeal in January 2004. This, alone, is insufficient to ascertain whether Lincoln's right to a direct appeal was prejudiced because we do not know if counsel acted in consultation with Lincoln. For this reason, we find that the District Court erred by failing to look beyond the procedural default issue and consider whether Lincoln could demonstrate prejudice sufficient to grant his petition for writ of habeas corpus. Accordingly, we will remand the cause to the District Court for it to consider this issue. We stress that it remains Lincoln's burden to demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him" about the appeal, he would have pursued his direct appeal. *Flores-Ortega,* 528 U.S. at 484.

## III.

For the above stated reasons, we will vacate the order of the District Court and remand the cause with instructions to consider whether Lincoln's right to a direct appeal was prejudiced by the conduct of his direct-appeal counsel.

7