NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-2642

_____

ROBERT LINCOLN

v.

WARDEN SMITHFIELD SCI;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,

Appellants

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-07-cv-01373)
District Judge: Honorable Norma L. Shapiro

_____

Argued October 2, 2014

Before: AMBRO, CHAGARES, and VANASKIE, Circuit Judges

(Opinion filed: December 12, 2014)

John W. Goldsborough  (Argued)
   Assistant District Attorney
Thomas W. Dolgenos
   Chief, Federal Litigation
Ronald Eisenberg
   Deputy District Attorney, Law Division
Edward McCann
   First Assistant District Attorney
R. Seth Williams
   District Attorney
Philadelphia County Office of District Attorney

3 South Penn Square
Philadelphia, PA   19107

        Counsel for Appellants

J. Nicholas Ranjan, Esquire  (Argued)
David M. Aceto, Esquire
Lucas J. Tanglen, Esquire
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA   15222

        Counsel for Appellee

_____

OPINION[*]

_____

AMBRO, Circuit Judge

        The Commonwealth of Pennsylvania appeals the District Court's order granting

relief to Robert Lincoln under Federal Rule of Civil Procedure 60(b) and issuing a

conditional writ of *habeas corpus*.  For the following reasons, we affirm.[1]

I.      **Facts and Procedural History Since 2010**

        The facts and procedural history from 2003 through 2010 are recounted in *Lincoln*

*v. Palakovich*, 384 F. App'x 193 (3d Cir. 2010) ("*Lincoln I*"), where we remanded the

case "with instructions to consider whether Lincoln's right to a direct appeal was

prejudiced by the conduct of his direct-appeal counsel." *Id.* at 197.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] We are grateful to J. Nicholas Ranjan, David M. Aceto, Lucas J. Tanglen, and K&L
Gates LLP, who by representing Lincoln *pro bono* set a fine example of the bar's
commitment to public service.

On remand, the District Court held an evidentiary hearing and found that Lincoln's counsel withdrew his direct appeal without consulting Lincoln, depriving him of his Sixth Amendment right to effective assistance of counsel. *Lincoln v. Palakovich*, No. 07-cv-1373, 2011 WL 3802775, at *4 (E.D. Pa. Aug. 25, 2011) ("*Lincoln II*"); *see Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

After the hearing, Judge Shapiro of the District Court asked counsel for both parties, "[I]f I should determine that Mr. Lincoln was deprived of his constitutional right to a direct appeal, what do I do about it in this proceeding?" Hr'g Tr. 59:16–18, Sept. 28, 2010, ECF No. 25. Lincoln's counsel argued that the Court could reinstate Lincoln's direct appeal rights or rule on the issue he intended to raise on appeal, *i.e.*, whether his plea was voluntary. When it was his turn to address the District Court's question on the appropriate remedy, the Commonwealth's attorney argued that whether the Commonwealth judge misstated the law on merger (rendering Lincoln's plea arguably involuntary) was "an issue for the State Courts to take care of on a reinstated appeal." *Id.* at 70:20–22. This position was consistent with a letter that counsel submitted to our Court after oral argument in *Lincoln I*, stating that Pennsylvania's Post Conviction Review Act "does not permit claims waived on appeal, *but here, there are none*. Counsel ineffectiveness, *plea validity*, illegal sentence, and jurisdictional claims are specifically authorized." Letter of John W. Goldsborough to Marcia M. Waldron, Apr. 14, 2010 (citation omitted) (emphases added).

On the reinstated direct appeal, the Commonwealth (through counsel other than Mr. Goldsborough) changed course and argued that Lincoln had waived his objection to

3

the voluntariness of his plea because he never moved the sentencing court for reconsideration of the sentence or to withdraw his guilty plea. Comm.'s Appellate Br., *Comm. v. Lincoln.*, No. 3632 EDA 2003, 2013 WL 3753010, at \*6 (Pa. Super. Ct. Dec. 17, 2012). The Superior Court accepted this argument and ruled in favor of the Commonwealth. *Comm. v. Lincoln*, 72 A.3d 606, 611 (Pa. Super. Ct. 2013) ("*Lincoln III*").

Lincoln then moved the District Court for relief from its judgment in *Lincoln II* under Federal Rule of Civil Procedure 60. Judge Shapiro granted the motion, holding that before the Superior Court's ruling on reinstated appeal she "had already decided counsel's failure to preserve his right to appeal constituted ineffective assistance of counsel . . . and petitioner was entitled to a direct appeal *on the merits*." *Lincoln v. Palakovich*, No. 07-cv-1373, 2014 WL 1327521, \*3 (Apr. 2, 2014) ("*Lincoln IV*") (emphasis added).

## II.    The Commonwealth's Current Appeal

The Commonwealth now argues that we must reverse the District Court because in 2003 Lincoln waived the issue he intends to raise in his reinstated appeal. The Commonwealth's shifting positions cause us to consider whether to impose an equitable bar (called judicial estoppel) on its new argument. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (applying forfeiture rule in *habeas* case due in part to the Commonwealth's manner of handling the matter); *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008) (judicially estopping Oregon from taking inconsistent positions in state and federal courts with respect to *habeas* petitioner's procedural default); *cf. Wood*

4

*v. Milyard*, 132 S. Ct. 1826, 1834–36 (2012) (court of appeals abused its discretion by ignoring state's waiver of statute of limitations defense under Antiterrorism and Effective Death Penalty Act of 1996).

Judicial estoppel is often applied where (1) a party adopts clearly inconsistent positions at different times, (2) it persuades a court to adopt the earlier position, and (3) this would impose unfair prejudice on its opponent if the Court adopted the later inconsistent position. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). All of these factors counsel us to bar the Commonwealth from arguing that the District Court's Order in *Lincoln IV* afforded different relief from the *Lincoln II* Order.

There is no question that the Commonwealth's positions are inconsistent: after oral argument in *Lincoln I* and at the hearing before *Lincoln II*, Commonwealth counsel specifically stated that Lincoln's challenge to plea voluntariness was *not* waived; now the Commonwealth argues that it *was* waived. Nor does counsel persuade us that his position before the District Court was a "flustered misstatement." Reply at 13 n.5. At the District Court hearing in September 2010 he stated he had thought about the issue "since yesterday," and when the Court clarified that Lincoln would be heard on plea voluntariness on reinstated appeal, counsel replied, "Indeed." Hr'g Tr. Sept. 28, 2010 at 70:17, 71:2.

In 2014, Judge Shapiro indicated that she understood the Commonwealth to have argued that Lincoln's reinstated appeal would be heard on the merits. *Lincoln IV*, 2014 WL 1327521 at *3 *(*"[T]his [C]ourt . . . had already decided . . . petitioner was entitled to a direct appeal on the merits."). While the Order the District Court issued in 2011 did not

5

explicitly state that a reinstated appeal must be heard on the merits, a straightforward explanation for this omission is that when drafting the Order, the District Court assumed that the Commonwealth would stand by its word in briefing the reinstated appeal. We therefore reject the Commonwealth's contention that the District Court "mischaracterized" and "misrepresented" its prior order. Appellants' Br. 24, 27.

Finally, Lincoln incurs unfair prejudice if the Commonwealth is not estopped. As indicated by the writ granted in *Lincoln II*, from which the Commonwealth did not appeal, Lincoln is currently incarcerated in violation of his constitutional rights. He has earned, more than once now, the right to have the Superior Court hear his plea voluntariness claim on the merits. The Commonwealth's about-face as soon as this matter left federal court deprived Lincoln of what he and the District Court believed that Court had ordered. The time and place to challenge reinstatement of his appeal on the merits was before the District Court during the proceedings related to *Lincoln II*. Because the Commonwealth did not take that opportunity to argue that any reinstated appeal would contain no preserved claims[2] (and indeed did quite the opposite), it cannot present that contention now.

---

[2] The Commonwealth now argues that Lincoln was never entitled to any reinstated appeal because we have held that *Flores-Ortega* does not require such a remedy where a criminal defendant has validly waived her appellate rights. *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008). We do not reach this issue because of the estoppel, but we note that *Mabry* concerned a person under § 2255 who had *explicitly* waived his appellate rights and is therefore unlike our case.

### III. Immediate Release and Our Stay

Lincoln asks us to order his immediate release, but he provides no convincing reason to disturb the relief the District Court awarded (release unless the Commonwealth reinstated his direct appeal, to be heard on the merits, within 90 days of April 2, 2014). We stayed the District Court's most recent Order on June 18, 2014—77 days after its entry. Because we affirm the District Court, we also lift our stay. If the Commonwealth needs more than 13 days to comply with the conditional writ, it should move the District Court to modify its Order.

*    *    *    *    *

In this context, we affirm.

7