NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1738

_____

ROBERT LINCOLN

v.

WARDEN SMITHFIELD SCI;
DISTRICT ATTORNEY PHILADELPHIA;
ATTOREY GENERAL PENNSYLVANIA,

Appellants

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-07-cv-01373)
District Judge: Honorable Norma L. Shapiro

_____

Argued November 18, 2015

Before: AMBRO, HARDIMAN, and SLOVITER, Circuit Judges

(Opinion filed December 15, 2015)


Susan E. Affronti, Esquire (Argued)
   Chief, Federal Litigation
John W. Goldsborough, Esquire
   Assistant District Attorney
3 South Penn Square
Philadelphia, PA   19107

   Counsel for Appellants

J. Nicholas Ranjan, Esquire   (Argued)
Lucas J. Tanglen, Esquire
H. Woodruff Turner, Esquire
K&L Gates
210 Sixth Avenue
Pittsburgh, PA   15222

     Counsel for Appellee

—————————

OPINION[*]

—————————

AMBRO, Circuit Judge

In March 2015, the District Court, apparently uncertain how to read our prior remand, ordered Petitioner Robert Lincoln's immediate release from state custody, citing the Commonwealth's failure to comply with the deadline set by Lincoln's conditional writ of *habeas corpus*.  We vacate and remand for the District Court to consider whether to grant the Commonwealth a retroactive extension of the deadline.

I.

In April 2014, the District Court issued a conditional writ of *habeas corpus* requiring that Lincoln's right to a direct appeal in the Pennsylvania Superior Court be reinstated within ninety days.  When the Commonwealth had thirteen days left to comply, we granted a stay of the conditional writ pending appeal.  On Friday, December 12, 2014, we affirmed the District Court and lifted the stay.  *Lincoln v. Warden Smithfield SCI*, 595

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

F. App'x 143 (3d Cir. 2014).  At that time, the Commonwealth had until December 25 to reinstate Petitioner's direct appeal in the Superior Court.

On Monday, December 15, the Commonwealth notified the Superior Court that it no longer opposed reinstating Lincoln's direct appeal on the merits.  On Monday, December 22, after the Superior Court had not acted, the Commonwealth obtained what it hoped was the next-best thing—an order from a judge of the Philadelphia Court of Common Pleas reinstating the appeal.  The Commonwealth provided the District Court with a copy of this order.  On Tuesday, December 30, Lincoln moved in the District Court for a writ of execution ordering his immediate release.  The Commonwealth notified the Superior Court of Lincoln's motion and, on January 5, 2015, the Superior Court reinstated Lincoln's direct appeal on the merits.  This was six business days after the deadline had expired.

When the Superior Court's reinstatement order was brought before the District Court, the Commonwealth ultimately asked it to extend retroactively the deadline to January 5 in order to account for the delay.  The Court, however, granted Lincoln's writ of execution because the Commonwealth had "failed to comply with the order of the Court of Appeals."  The District Court may have thought it was not free to extend the deadline based on our December 2014 opinion.  But to give the Commonwealth the opportunity to clarify matters on further appeal to us, the Court stayed the writ of execution pending this appeal.

II.

3

The District Court had continuing jurisdiction over Lincoln's petition for a writ of *habeas corpus*. 28 U.S.C. § 2254. We have jurisdiction to review its writ of execution per 28 U.S.C. §§ 1291 and 2253(a).

We exercise plenary review over whether the District Court correctly interpreted the instructions of our prior opinion in Lincoln's *habeas* proceedings. *Gibbs v. Frank*, 500 F.3d 202, 206 (3d Cir. 2007).

### III.

Federal district courts exercising *habeas* review have the discretion to modify the time period set in a conditional writ so long as it is "reasonable under the circumstances." *Id.* at 207. We clarify that nothing in our December 2014 opinion deprived the District Court of its discretion to grant an extension. Lincoln had asked for his immediate release on appeal, but we found no "convincing reason to disturb the relief the District Court awarded." *Lincoln*, 595 F. App'x at 146. We then lifted our stay of the Court's conditional writ and noted that "[i]f the Commonwealth needs more than 13 days to comply with the conditional writ, it should move the District Court to modify its Order." *Id.* In these circumstances, the District Court retained the power to extend retroactively the deadline. *See Gibbs*, 500 F.3d at 208 ("[I]t is of no moment whether the Commonwealth seeks an extension directly from the District Court during the initial deadline or . . . provides a post hoc justification for the trial delay."). Because the District Court thought it was constrained in granting an extension, we vacate its order granting the writ of execution.

4

Moreover, our own review of the record suggests that the Commonwealth substantially complied with that deadline. The 13-day delay in having the Superior Court reinstate the direct appeal was due to circumstances outside the Commonwealth's control. And, for its part, the Commonwealth acted quickly during the holiday season to notify the Superior Court that Lincoln's direct appeal needed to be reinstated by December 25 and it sought an alternative method of compliance in the Court of Common Pleas.[1] In these circumstances, an extension would seem reasonable, though the District Court, with its in-depth association with the facts of this case, deserves the first look. Hence we vacate and remand.

---

[1] The Commonwealth also argues on appeal that it complied with the December 25 deadline by obtaining an order from the Court of Common Pleas. We do not reach this argument in vacating the District Court's order.