# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Edwards, Jr.,              :
                    Petitioner   :
                                  :
        v.                        :
                                  :
Pennsylvania Parole Board,        :   No. 315 C.D. 2022
                    Respondent   :   Submitted: January 27, 2023


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  April 3, 2023


Albert Edwards, Jr. (Edwards) petitions this Court for review of the Pennsylvania Parole Board's (Board) February 16, 2022 order affirming the Board's decisions mailed September 25, 2020 and February 25, 2021.  Edwards is represented by Montgomery County Assistant Public Defender Dana E. Greenspan, Esquire (Counsel), who has filed an Application for Leave to Withdraw Appearance (Application) and submitted a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (*Turner* Letter),[1] in support thereof.  After review, this Court grants Counsel's Application and dismisses Edwards' appeal.

---

[1]    Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous."  *Com*[*monwealth*] *v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

Such letters are referred to by various names by courts of this Commonwealth.  *See, e.g.*, *Commonwealth v. Porter*, . . . 728 A.2d 890, 893 [] n.2 ([Pa.] 1999) (referring

Edwards is currently incarcerated at the State Correctional Institution (SCI) at Phoenix.[2]  On September 20, 2016, Edwards was found guilty of Flight to Avoid Apprehension, Trial or Punishment, and sentenced to 16 months to 10 years of incarceration (Original Sentence).  His Original Sentence maximum release date was June 12, 2022.  On April 3, 2019, the Board paroled Edwards from his Original Sentence.

On March 6, 2020, the Board issued an administrative action declaring Edwards delinquent, effective March 3, 2020.  On May 15, 2020, the Chester County, Valley Township Police Department arrested Edwards for alleged new criminal charges (New Charges).[3]  On that same date, the Board issued a Warrant to Commit and Detain Edwards based on his arrest, and for alleged technical parole violations.  The Board held a preliminary/detention hearing at Chester County Prison on July 27, 2020.  Chester County Public Defender Paul Verduci, Esquire, represented Edwards at that hearing.  The Board scheduled a violation hearing and detained Edwards pending the disposition of the New Charges.

---

to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter"); *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. [] 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020).

[2] *See* http://inmatelocator.cor.pa.gov (last visited Mar. 31, 2023).

[3] The New Charges included: Strangulation (F1); Terroristic Threats (M1); Possessing Instrument of Crime Intent to Employ (M1); Prohibited Offensive Weapons (M1); Simple Assault Intentionally, Knowingly, Recklessly (M2); Recklessly Endangering Another Person (M2); Harassment, Lewd, Lascivious, Threatening/Obscene Words (M3); and Harassment/Stalking, Strikes, Shoves, Kicks or Attempts (S). *See* Certified Record at 18.

On August 10, 2020, the Board held the violation hearing at Chester County Prison. Paul Verduci, Esquire, again represented Edwards. On August 13, 2020, the Board recommitted Edwards to an SCI/Contracted County Jail as a technical parole violator (TPV) for violation of parole condition #3A, failure to report as instructed. In addition, the Board determined that Edwards could be reparoled upon successful completion of prescribed programs if he had no misconducts, but not later than six months. The Board also recalculated Edward's Original Sentence maximum release date to September 3, 2022, based on the established delinquency.

On November 24, 2020, Edwards pleaded guilty to 3 counts of summary graded harassment in the Chester County Common Pleas Court and was sentenced to 90 days of consecutive probation for each count, for an aggregate sentence of 270 days of supervised probation. On January 4, 2021, Edwards executed a Waiver of Revocation Hearing and Counsel/Admission form (Waiver). *See* Certified Record (C.R.) at 175. The Waiver included acknowledgement of his rights to a revocation hearing and free counsel at that hearing. *See id.* Edwards waived those rights, knowingly, intelligently, and voluntarily. He also admitted that he was convicted of 3 counts of summary harassment, and acknowledged that his admission was binding and could only be withdrawn by written request within 10 calendar days of its execution. *See id.*

On February 22, 2021, the Board modified its August 13, 2020 action by deleting the reparole portion and recommitting Edwards as a convicted parole violator (CPV) to serve 18 months of backtime for the 3 harassment offenses. In addition, the Board, in its discretion, did not credit Edwards for the time he spent at liberty on parole because he absconded while on parole, continued to demonstrate unresolved drug and/or alcohol issues, and his behavior reflected domestic violence issues. *See* C.R. at 187-88. Further, the Board recalculated Edwards' Original

Sentence maximum release date to August 4, 2023, based on his custody return date of November 24, 2020, and the forfeiture of 983 days of street time.

Edwards submitted two timely Administrative Remedies Forms contesting the Board's decision addressing his recommitments as both a TPV and as a CPV. By February 16, 2022 Board decision, the Board denied Edwards administrative relief and affirmed its August 13, 2020 and February 22, 2021 decisions. The February 16, 2022 Board decision informed Edwards that if he wished to appeal from that decision, he had to file a petition for review in the Commonwealth Court within 30 days of the mailing date of the Board's response. *See* C.R. at 230. The February 16, 2022 Board decision also notified Edwards of his right to counsel from the Public Defender's Office at no cost, and provided the office names and addresses of all of the Chief Public Defenders in the Commonwealth. *See id*. Edwards did not request that the Montgomery County Public Defender's Office provide representation for an appeal to this Court.

On April 4, 2022,[4] Edwards appealed to this Court. By April 8, 2022 Order, this Court appointed the Montgomery County Public Defender to represent Edwards. On May 4, 2022, Counsel entered her appearance on Edwards' behalf. By June 15, 2022 Order, this Court directed the parties to address the timeliness of Edwards' appeal in their principal briefs on the merits or in an appropriate motion. On July 21, 2022, Counsel filed the Application and the *Turner* Letter in support thereof. By July 22, 2022 Order (Order), this Court informed Edwards that he may, within 30 days after service of the Order on him by Counsel, either obtain substitute counsel at his own expense and have new counsel enter an appearance and file a

---

[4] Although this Court received Edwards' notice of appeal on April 6, 2022, the prison postmark was dated April 4, 2022.

4

brief in support of the Petition for Review (Petition), or file a brief on his own behalf.[5]

Before addressing the validity of Edwards' substantive arguments, this Court must assess the adequacy of Counsel's *Turner* Letter. This Court has explained:

> "A [*Turner*] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*[ *v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting *Turner*, 544 A.2d at 928) (some alterations omitted). As long as a *Turner* letter satisfies these basic requirements, [this Court] may then review the soundness of a petitioner's request for relief. *Zerby*[ *v. Shanon*], 964 A.2d [956,] 960 [(Pa. Cmwlth. 2009)]. However, if the *Turner* letter fails on technical grounds, [this Court] must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id*.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020).

Here, Counsel stated in her *Turner* Letter that she reviewed the Certified Record, examined the relevant case law and statutes, and consulted and corresponded with Edwards. Further, Counsel presented the procedural history of Edwards' case, set forth and addressed the issues Edwards raised in his administrative appeals, and concluded based on her exhaustive examination of the record and research that Edwards' appeal must be dismissed as untimely under Pennsylvania Rule of Appellate Procedure (Rule) 1512(a)(1). In addition, Counsel concluded that Edwards' Petition contained issues not raised before the Board in his

---

[5] Counsel also notified Edwards regarding the same in her *Turner* Letter. On July 26, 2022, Counsel served the Order on Edwards. Edwards did not obtain substitute counsel or file a *pro se* brief with this Court.

administrative appeal. Therefore, the Petition must be dismissed not only as untimely, but also based on waiver. After review, this Court concludes that Counsel complied with the procedural requirements for withdrawing from representation.

> Initially, "[t]he timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." *Commonwealth v. Williams*, . . . 106 A.3d 583, [587] ([Pa.] 2014). "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." *Id*.

*Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 (Pa. Cmwlth. 2021). Rule 1512(a)(1) provides: "A petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a).

> "Under the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). Rule 121(f) specifies:

> > **Date of filing for incarcerated persons**. -- **A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark** or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

> Pa.R.A.P. 121(f) (bold text emphasis added). "In order to benefit from the [prisoner mailbox] rule, [a prisoner] bears the burden of proving that he timely deposited his . . . appeal in the prison mailbox." *Kittrell*, 88 A.3d at 1097.

*Brown*, 255 A.3d at 675-76 (text emphasis omitted; text emphasis added).

Here, because the Board mailed its decision on February 16, 2022, Edwards had until March 18, 2022, to file an appeal. The prison postmark on

6

Edwards' appeal was dated April 4, 2022, which was 17 days late.  Accordingly, this Court is without jurisdiction to consider the appeal.  *See Brown*.

Because this Court does not have jurisdiction to consider Edwards' appeal, this Court grants Counsel's Application and dismisses Edwards' appeal.

_____

ANNE E. COVEY, Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Edwards, Jr.,          :
          Petitioner    :
                        :
     v.                   :
                        :
Pennsylvania Parole Board,   :   No. 315 C.D. 2022
          Respondent  :

## O R D E R

AND NOW, this 3rd day of April, 2023, Montgomery County Assistant Public Defender Dana E. Greenspan, Esquire's Application for Leave to Withdraw Appearance is GRANTED, and Albert Edwards, Jr.'s appeal is DISMISSED.

_____
ANNE E. COVEY, Judge